WEBB, warden, *v.* HENLERY, *alias* TUCK.

No. 18012.  SUBMITTED NOVEMBER 12, 1952—DECIDED JANUARY 12, 1953.

*Eugene Cook, Attorney-General, M. H. Blackshear Jr., George A. Sims, J. C. Knox, Assistant Attorneys-General,* and *W. W. Larsen, Solicitor-General,* for plaintiff in error.

*J. W. Claxton,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Neither the various provisions of our Constitution relating to trial by jury, or provision for grand juries, nor any statutes relating to indictments, or the function, powers, or duties of a grand jury, specifically require that a person charged with a felony be indicted by a grand jury before being placed on trial. But this right is a part of the law of this State that came to us from the common law. *Mitchum v. State,* 11 *Ga.* 615, 633; *Rafe v. State,* 20 *Ga.* 60, 66; *Gordon v. State,* 102 *Ga.* 673 (29 S. E. 444). As to capital offenses it is said in Blackstone's Commentaries, IV, p. 306: "So tender is the law of England of the lives of the subjects, that no man can be convicted at the suit of the king of any capital offense, unless by the unanimous voice of twenty-four of his equals and neighbours: that is, by twelve at least of the grand jury, in the first place, assenting to the accusation: and afterwards, by the whole petit jury, of twelve more, finding him guilty, upon his trial."

By Ga. L. 1935, p. 116, the General Assembly amended Code § 27-704 so as to read: "Trial on accusation; waiver of indictment. In all misdemeanor cases and in felony cases other than capital felonies in which the defendants have been bound over to the superior court, or are confined in jail pending commitment trial, or are in jail, having waived commitment trial, the prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried on such accusation: Provided, that parties going to trial under such accusations shall in writing waive indictment by a grand jury. Judges of the superior court may open their courts at any time without the presence of either grand jury or traverse jury to receive and act upon pleas of guilty in misdemeanor cases, and in felony cases except those punishable by death or life imprisonment, when the judge and the accused consent thereto, and the judge may try the issues in such cases without a jury upon an accusation filed by the prosecuting officer where the accused has waived indictment, and consented thereto in writing: and provided fur-

ther that counsel is present in court representing such defendant either by virtue of his employment or by appointment by the court."

By this act the General Assembly changed the then existing common law so as to permit, subject to the provisions therein contained, a person charged with a felony, "except those punishable by death or life imprisonment," to waive indictment by the grand jury, and enter a plea of guilty, or consent to be tried by the judge. Prior to this act the court had no jurisdiction to try, or accept a plea of guilty of one charged with a felony until the grand jury had returned an indictment. By this act the court was given jurisdiction so to do in felony cases, but was expressly excluded therefrom as to those "punishable by death or life imprisonment."

The purpose of this act was to give to a person who had been charged with a felony the right, with the concurrence of the prosecuting officer and the judge, to have his case disposed of without having to await the action of the grand jury, but the act expressly withholds such right where one is charged with a crime "punishable by death or life imprisonment."

A person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest. Code, § 102-106; Sarah v. State, 28 Ga. 576 (2) ; Wiggins v. Tyson, 112 Ga. 744 (38 S. E. 86) ; Swain v. State, 162 Ga. 777 (6) (135 S. E. 187) ; Bradford v. Mills, 208 Ga. 198 (66 S. E. 2d, 58). But where, as here, the act granting authority to dispose of ordinay felony cases without indictment, expressly denies such right to "those punishable by death or life imprisonment," such excepted felonies are not included in the privilege and therefore there is no right granted. Without a right there is nothing to waive.

Where a convicting court is without jurisdiction or exceeds its jurisdiction, the judgment is void. Wells v. Pridgen, 154 Ga. 397 (2) (114 S. E. 355) ; Etheridge v. Poston, 176 Ga. 388 (5) (168 S. E. 25) ; Aldredge v. Williams, 188 Ga. 607 (4 S. E. 2d, 469) ; Stewart v. Sanders, 199 Ga. 497 (1) (34 S. E. 2d, 649) ; Jackson v. Houston, 200 Ga. 399 (1) (37 S. E. 2d, 399).

It follows from what has been said that the sentence was void,

and the discharge of the petitioner on the hearing of the habeas corpus proceeding was proper.

*Judgment affirmed. All the Justices concur.*