## 34776. GARMON v. JOHNSON.

HILL, Justice.

In *Cook v. State,* 242 Ga. 657 (251 SE2d 230) (1978), this court considered four statutes or circumstances under which crimes with death as possible penalties prescribed by the Code (e.g., armed robbery, rape, kidnapping with bodily injury) would or would not be considered as capital felonies in light of Coker v. Georgia, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977), Eberheart v. Georgia, 433 U. S. 917 (97 SC 2994, 53 LE2d 1104) (1977), *Gregg v. State,* 233 Ga. 117, 127 (210 SE2d 659) (1974), and *Floyd v. State,* 233 Ga. 280, 285 (210 SE2d 810) (1974).

We now consider yet another such statute — Code Ann. § 27-704 (see *Cook v. State,* supra, Fn. 1).

Johnson waived indictment in writing and pleaded guilty on January 24, 1975, to an accusation charging him with armed robbery. Thereafter he instituted this

habeas corpus petition contending that his waiver of indictment to a capital felony and guilty plea on accusation were contrary to law. The trial court granted the petition.

The pertinent law, Ga. L. 1972, p. 623, Code Ann. § 27-704 (for the unusual history of this Act, see *Keener v. MacDougall,* 232 Ga. 273 (206 SE2d 519) (1974)),[1] contains four sentences. The last sentence relates to misdemeanor cases and sheds no light on the "capital felony" problem before us. The third sentence relates to non-jury *trials* upon accusations and sheds no light on this problem. The remainder provides in pertinent part as follows: "[1] In all felony cases, other than capital felonies . . . the prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried on such accusations: Provided, that parties going to trial under such accusations shall in writing waive indictment by a grand jury. [2] Judges of the superior court may open their courts at any time without the presence of either grand jury or traverse jury to receive and act upon pleas of guilty in misdemeanor cases, and in felony cases except those punishable by death or life imprisonment, when the judge and the accused consent thereto."

The first of these sentences provides for trial of felonies, other than "capital felonies," upon accusations if indictments have been waived in writing. The second sentence provides for accepting guilty pleas by consent in all cases except those "punishable by death or life imprisonment." We assume that the second sentence relates to guilty pleas upon accusations as well perhaps as after indictment. Cf. Code Ann. § 27-2528.

By negative implication the second sentence would appear to preclude the acceptance of guilty pleas in felony

---

[1]Prior to 1972, due to a quirk in Georgia law, all criminal cases, misdemeanors included, tried in superior court had to be tried upon indictment unless waived in writing with the assistance of counsel. See Report of the Governor's Commission on Judicial Processes, p. 11 (1971).

cases punishable by death or life imprisonment, at least without a jury of one type or another being present. However, such negative implication is not required by the 5th Amendment to the United States Constitution and would be contrary to what is now Art. VI, Sec. IV, Par. VIII of the 1976 Constitution (Code Ann. § 2-3308, formerly Art. VI, Sec. IV, Par. VIII of the 1945 Constitution). We therefore hold that the second sentence of the Act in question did not preclude the acceptance of the guilty plea in the matter before us.

Even prior to Coker v. Georgia, supra, we held, in 1974, in *Gregg v. State,* supra, 233 Ga. at 127, that the imposition of the death penalty for armed robbery was so rarely imposed as to be unusual, was therefore excessive or disproportionate, and could not be carried out. See also *Floyd v. State,* supra, 233 Ga. at 285, and *Peek v. State,* 239 Ga. 422, 432 (238 SE2d 12) (1977).

Because the death penalty cannot be imposed for armed robbery, we hold that armed robbery is not a capital felony within the meaning of the first sentence of the Act in question. See *Collins v. State,* 239 Ga. 400 (2) (236 SE2d 759) (1977); *Dean v. State,* 238 Ga. 537 (3) (233 SE2d 789) (1977). A person charged with the crime of armed robbery (as well as rape or kidnapping) may waive trial by jury and plead guilty. Logic therefore supports our holding that such person may waive indictment by grand jury.

We therefore find that the written waiver of indictment and plea of guilty by the accused was not invalid as being in violation of the 1972 Act in issue. Anything to the contrary in the now outdated case of *Webb v. Henlery,* 209 Ga. 447 (74 SE2d 7) (1953), is overruled.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 10, 1979 — DECIDED JUNE 27, 1979.

*Lewis R. Slaton, District Attorney, Victor Alexander, Jr., Assistant District Attorney,* for appellant.

*Donald J. Coffey, Robert C. Kates,* for appellee.