## S94A0524. RHYNE v. THE STATE.
### (442 SE2d 742)

CARLEY, Justice.

In appellant's non-capital murder trial, the jury was unable to reach a verdict and a mistrial was declared. Thereafter, the State reindicted appellant and secured a nolle prosequi of the original indictment. Appellant then filed a plea of double jeopardy and motion to dismiss the new indictment. When appellant's plea and motion were denied, he appealed directly to the Court of Appeals. See *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

Notwithstanding this court's decision in *State v. Thornton,* 253 Ga. 524 (1) (322 SE2d 711) (1984), appellant's direct appeal was not

transferred to this court, and the Court of Appeals, on the merits, affirmed the trial court's denial of the plea and motion.

> "The authorities are clear that where the grant of a mistrial results from the inability of the jury to agree on a verdict which makes the discharge of the jury necessary and the completion of the trial impossible, a second trial for the same offense or for an offense growing out of the same acts is not barred and does not violate the guaranty against double jeopardy. [Cit.]; [cits.]" [Cits.] The fact that the charge against defendant was dismissed after mistrial does not bar the State from reasserting the same charge and retrying defendant.

*Rhyne v. State*, 209 Ga. App. 548, 552 (2) (434 SE2d 76) (1993). Appellant's application to this court for a writ of certiorari to review the holding of the Court of Appeals in *Rhyne* was denied.

Appellant then filed in the trial court a "renewed" plea of double jeopardy and motion to dismiss the new indictment, which were denied. Pursuant to the authority of *Patterson* and *Thornton*, appellant now brings a direct appeal to this court from the denial of his "renewed" plea and motion.

Although the Court of Appeals may not have followed the holding of *Thornton* when it failed to transfer appellant's former appeal to this court, the Court of Appeals was not without jurisdiction under our constitution to consider the merits thereof.

> [T]his is *not* a case "in which a sentence of death was imposed or could be imposed." Constitution of Georgia of 1983, Art. VI, Sec. VI, Par. III (8). Hence, [appellant's former] appeal was filed properly in the Court of Appeals [under our constitution].

(Emphasis in original.) *State v. Thornton*, supra at 524 (1).

Since the Court of Appeals did not lack jurisdiction to consider the merits of appellant's former appeal and since this court denied appellant's application for a writ of certiorari to review the holding of the Court of Appeals in that former appeal, it follows that appellant's instant appeal from the denial of his "renewed" plea and motion must be affirmed. The decision of the Court of Appeals in *Rhyne*

> constitutes . . . a final determination in the case, and in the absence of [a granted] application for review by this court by way of the writ of certiorari may not be brought into question in future appellate proceedings. [Cits.]

*Whitlock v. State*, 230 Ga. 700, 702-703 (2) (198 SE2d 865) (1973).

> The principle that a ruling by this court or the Court of Appeals is binding in all subsequent proceedings in that case in the lower court applies in criminal cases as well as in civil cases. [Cit.] An appellant may not avoid a judgment of the Court of Appeals which affirms the denial of his [plea of double jeopardy and] motion to [dismiss a new indictment], by filing another [plea of double jeopardy and] motion to [dismiss] the same [indictment], when the case is returned to the trial court, . . . where there has been no subsequent change in the law. [Cits.]

*Cross v. State*, 233 Ga. 960, 961 (214 SE2d 374) (1975).
*Judgment affirmed. All the Justices concur.*

DECIDED MAY 9, 1994.

*Donaldson, Hall, Martin, Garvey & Bell, George P. Donaldson III, R. Ripley Bell, Jr.,* for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.