A95A1807. SMITH v. THE STATE.
(461 SE2d 561)

SMITH, Judge.

An arrest warrant was issued for Leisha Smith by the Recorder's Court of Chatham County. Smith was then picked up and jailed, and her subsequent petition for bond was denied. Smith then *unilaterally* filed a "waiver of indictment" and "consent[ ] to be tried upon accusation" (see OCGA § 17-7-70) and concurrently filed a demand for trial under OCGA § 17-7-170. The State did not participate in or rely upon Smith's waiver of indictment but instead presented its case to the grand jury. Smith was indicted on two counts of selling cocaine. Less than two months after Smith was formally indicted, she moved for discharge and acquittal. Her argument was that the State was obligated to try her within the term succeeding her unilateral waiver of indictment and demand for trial as opposed to the date she was indicted. The motion was denied, and this appeal followed. See *Hub-*

*bard v. State,* 254 Ga. 694 (333 SE2d 827) (1985). We affirm.

We have repeatedly held that a demand for trial under the provisions of OCGA § 17-7-170 is available *only* to those "against whom a true bill of indictment or an accusation is filed with the clerk" for a non-capital offense. Id. See generally *State v. Hicks,* 183 Ga. App. 715 (359 SE2d 712) (1987). Smith essentially asks this court to interpret OCGA § 17-7-170 as being available not only to those persons specifically addressed therein, but also to those persons who otherwise consent to the jurisdiction of the superior court. We do not agree with this interpretation of the statute.

OCGA § 17-7-170 confers a *statutory* right upon persons accused of a crime to demand trial, and "[b]ecause the penalty imposed by this statute against the state is so great, it must be strictly construed." *Day v. State,* 187 Ga. App. 175, 176 (369 SE2d 796) (1988). A strict construction of OCGA § 17-7-170 does not lend itself to the interpretation Smith urges. Moreover, it has been held that the purpose of the provision authorizing waiver of indictment, currently codified as a part of OCGA § 17-7-70, is "to give to a person who has been charged with a felony the right, *with the concurrence of the prosecuting officer and the judge,* to have his case disposed of without having to await the action of the grand jury." (Emphasis supplied.) *Webb v. Henlery,* 209 Ga. 447, 449 (74 SE2d 7) (1953) overruled on other grounds *Garmon v. Johnson,* 243 Ga. 855 (257 SE2d 276) (1979). We cannot merely ignore the Supreme Court's observation in *Webb,* and we are presented with no authority even remotely challenging its basic soundness.

Although Smith correctly points out that the constitutional right to a speedy trial attaches at the time of arrest, *Haisman v. State,* 242 Ga. 896, 898-899 (252 SE2d 397) (1979), "[i]t is well settled in Georgia law that the protection conferred by [OCGA § 17-7-170] attaches with the formal indictment or accusation." (Citation and punctuation omitted.) *State v. Hicks,* supra at 717. Smith was not without access to a speedy trial. She did, however, utilize "the wrong method by prematurely invoking the provisions of OCGA § 17-7-170 rather than the constitutional protections which were available to [her]." Id.

The express provisions of OCGA § 17-7-170 do not mandate Smith's acquittal under the circumstances presented.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 23, 1995 —

*Calhoun & Associates, Gregory N. Crawford,* for appellant.

*Spencer Lawton, Jr., District Attorney, Christine M. Sieger, Assistant District Attorney*, for appellee.