## S97A0327. SMITH v. WILSON.
### (485 SE2d 197)

FLETCHER, Presiding Justice.

Robert R. Wilson filed a petition for the writ of habeas corpus challenging five life sentences imposed on counts for which he waived indictment and pled guilty. The habeas court ruled that the trial court did not have authority to impose a life sentence without a formal indictment and that Wilson was denied effective assistance of counsel because his attorney had no time to prepare for trial. Because the trial court had authority to impose the life sentences and Wilson failed to show that his trial counsel performed deficiently or prejudicially, we reverse the grant of the writ of habeas corpus.

Wilson was indicted and pled guilty to one count of the sale of cocaine and the trial court sentenced him to thirty years imprisonment in February 1992. On the same day, the district attorney produced nine additional accusations charging Wilson with the sale of cocaine. After viewing with his attorney a videotape of the purported sales, Wilson waived formal indictment and pled guilty to five accusations. The trial court sentenced him to five life sentences to run concurrently with the thirty-year sentence. Wilson did not appeal. He filed an application for the writ of habeas corpus in 1996 alleging that the life sentences violated his constitutional rights to due process and effective assistance of counsel. The habeas court granted the writ, and the state appealed.

1. OCGA § 17-7-70 establishes the procedure for trials and guilty pleas on accusations. Subsection (a) gives the district attorney authority to file accusations against defendants in felony cases, other than capital felonies, when the defendant waives indictment by the grand jury in writing. Subsection (b) permits defendants to plead guilty in misdemeanor and certain felony cases by consent.

> (b) Judges of the superior court may open their courts at any time without the presence of either a grand jury or a trial jury to receive and act upon pleas of guilty in misdemeanor cases and in felony cases, except those punishable by death or life imprisonment, when the judge and the defendant consent thereto.[1]

---

[1] OCGA § 17-7-70 (b).

We considered the meaning of the phrase "punishable by death or life imprisonment" in *Garmon v. Johnson*.[2] Construing this statutory language in conjunction with the reference to "capital felonies" in subsection (a), we held that armed robbery is not a capital felony within the meaning of subsection (a) and, therefore, a person charged with armed robbery may waive indictment by the grand jury and plead guilty on an accusation under subsection (b). Following that decision and its reasoning, we conclude that a defendant charged with the sale of cocaine, which also is not a felony punishable by death, may waive indictment by the grand jury and enter a guilty plea on an accusation. Accordingly, we reverse the grant of habeas corpus on the ground that the trial court lacked authority to impose the life sentences.

2. The standard for determining ineffective assistance of counsel is whether trial counsel's performance was deficient and the deficient performance prejudiced the defense.[3] When a defendant pleads guilty, the question is whether the attorney's advice falls within the range of competence of attorneys in criminal cases and whether there is a reasonable probability that the defendant would not have pleaded guilty and would have insisted on going to trial but for counsel's errors.[4] Even if counsel fails to exercise reasonable judgment, counsel's error "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[5]

The habeas court found that trial counsel was ineffective because she had no time to prepare for trial. Accepting that finding as true, it is insufficient to show that trial counsel's performance was either deficient or prejudicial. After viewing the tape, trial counsel ascertained whether her client was the person seen selling cocaine in the videotape. Because the identity of the seller was unclear in four transactions, she negotiated with the district attorney to drop four of the nine charges. It is not clear what further investigation would have revealed since she had viewed the state's primary evidence against her client, he did not deny the crimes, and he said he wanted to get all the charges over with at one time.

Wilson also alleges that his trial counsel was ineffective because she failed to advise him that he would receive a life sentence if he pled guilty and that he would have gone to trial on the additional five charges if he had been informed of the consequences of his plea. Assuming that Wilson would have insisted on going to trial and that

---

[2] 243 Ga. 855 (257 SE2d 276) (1979) (construing Ga. Code Ann. § 27-704).

[3] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Hill v. Lockhart,* 474 U. S. 52, 56, 59 (106 SC 366, 88 LE2d 203) (1985); *Tarwater v. State,* 259 Ga. 516 (383 SE2d 883) (1989).

[5] *Strickland,* 466 U. S. at 691.

he preserved this issue for review, he has failed to show that a jury trial would have changed the outcome of his case. It is difficult to conceive that any factfinder would have found reasonable doubt concerning his guilt given the videotaped evidence against him and his plea of guilty to the sale of cocaine charge earlier that same day. Moreover, state law at the time required a sentence of life imprisonment for second and subsequent convictions for the sale of cocaine and other drugs.[6] Thus, the trial court had no discretion in sentencing and would have imposed the same sentence if Wilson had gone to trial and a jury had returned a verdict of guilty. Finally, the record shows that trial counsel was able to negotiate a plea in which the state dropped four charges and recommended that the sentence on the remaining five charges run concurrently with the thirty-year sentence on the initial charge. When the trial court mistakenly entered a sentence of five consecutive life sentences on the additional charges, trial counsel obtained amended sentences that clarified that the life sentences were to run concurrently with the thirty-year sentence.

For these reasons, we conclude that Wilson has not demonstrated prejudice from his trial counsel's failure to inform him that state law mandated a life sentence on second convictions based on guilty pleas. Therefore, we also reverse the grant of habeas corpus based on the ineffective assistance of counsel claim.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellant.

Robert R. Wilson, *pro se.*

---

[6] See OCGA § 16-13-30 note to 1996 amendment (explaining that the 1996 amendment deleted "shall be imprisoned for life" as the sentence for second and subsequent convictions in subsection (d) and substituted "not less than ten years nor more than 40 years or life imprisonment").