## S98A0308. WINN v. THE STATE.
### (498 SE2d 56)

CARLEY, Justice.

A jury found Leslie Winn guilty of the malice murder of Johnny Harris. The trial court entered a judgment of conviction on the jury's verdict and imposed a life sentence. After the trial court denied his motion for new trial, Winn filed a notice of appeal to the Court of Appeals. Pursuant to *State v. Thornton,* 253 Ga. 524 (322 SE2d 711) (1984), the Court of Appeals correctly transferred Winn's appeal to this Court.[1]

1. Harris was the former boyfriend of Winn's present girl friend, Latrice Shelton. Harris went to Ms. Shelton's apartment where he allegedly initiated a physical assault upon her and Winn. Winn

---

[1] The homicide occurred on March 29, 1995 and the grand jury indicted Winn for malice murder on February 19, 1996. The jury returned its guilty verdict on September 10, 1996. On September 18, 1996, the trial court entered the judgment of conviction and imposed the life sentence. Winn filed his motion for new trial on September 23, 1996 and the trial court denied that motion on September 25, 1997. Winn filed his notice of appeal on October 10, 1997. The Court of Appeals transferred the appeal on November 6, 1997 and the case was docketed in this Court on November 18, 1997. The appeal was submitted for decision on January 12, 1998.

retreated to the bedroom and armed himself with a gun he kept there. When Harris, who had no weapon, entered the bedroom, Winn shot him in the shoulder. Harris turned to leave and Winn followed. After Harris left the apartment, Winn observed him turning back around. Winn then fired and shot Harris in the neck. Harris died as the result of this second shot. According to Winn, he fired the second shot only after someone opened the door to the apartment across the hallway and startled him. However, Ms. Shelton, who was an eyewitness to the events, did not see anyone opening the door to that neighboring apartment.

This evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Winn was not acting in self-defense, but that he intentionally fired the shot that killed Harris and that Winn was, therefore, guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 249 Ga. 805 (294 SE2d 510) (1982).

2. Shortly after the homicide, Larry Smith, one of Ms. Shelton's neighbors, gave officers a detailed statement which incriminated Winn. When called as a witness for the State, Mr. Smith gave an inconsistent account, claiming that he "just seen a guy fall, that's all." Compare *Johnson v. State*, 255 Ga. 552, 556 (4) (a) (341 SE2d 220) (1986). Based upon this inconsistency and Mr. Smith's availability for cross-examination by Winn, the trial court properly admitted the out-of-court statement for the jury's consideration as both impeaching and substantive evidence. *Brown v. State*, 266 Ga. 633, 635 (2) (469 SE2d 186) (1996); *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

3. When, during its examination of Mr. Smith, the State asked whether he had been threatened, Mr. Smith replied in the negative. Winn objected to this line of questioning, on the ground that the prosecutor was "attempting to interject something into this case that's not here. . . ." The trial court overruled this objection and allowed the State to ask Mr. Smith whether he was "afraid for any reason to testify to the jury" about his out-of-court statement. Mr. Smith's response was that he did not "even remember" making the statement.

Whether Mr. Smith's inconsistent testimony was based upon a fear of reprisal was a relevant inquiry. See *Williams v. State*, 253 Ga. 690, 693 (1) (324 SE2d 440) (1985). The State's question did not intimate that Winn had in fact threatened Mr. Smith and, in his answer, Mr. Smith unequivocally denied that he had been threatened by anyone. The trial court did not abuse its discretion in allowing this questioning of Mr. Smith by the State.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*John E. Pirkle,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.