## S99A1222. WEATHERBED v. THE STATE.
### (524 SE2d 452)

HINES, Justice.

Weatherbed appeals the trial court's denial of his motion for an out-of-time appeal. For the reasons which follow, we reverse.

On October 20, 1995, Weatherbed pled guilty to an accusation for malice murder and was sentenced to life in prison. He was represented by counsel and waived indictment in writing. On November 28, 1995, he filed a pro se "Motion for Extension to Appeal," which was denied. Through counsel, he filed a motion for an out-of-time appeal on August 13, 1998, asserting that his trial counsel was ineffective for not informing him of his right to appeal, and the court denied the motion.

"The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may

---

[7] Id.; *Gober v. State*, 264 Ga. 226, 228 (443 SE2d 616) (1994).

be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4. Because of the failure to indict Weatherbed, his conviction and sentence are void and must be reversed. OCGA § 17-7-70 (a) provides:

> In all felony cases, other than cases involving capital felonies, . . . the district attorney shall have authority to prefer accusations, and such defendants shall be tried on such accusations, provided that defendants going to trial under such accusations shall, in writing, waive indictment by a grand jury.

OCGA § 17-7-70 (b) states that:

> Judges of the superior court may open their courts at any time without the presence of either a grand jury or a trial jury to receive and act upon pleas of guilty in misdemeanor cases and in felony cases, except those punishable by death or life imprisonment, when the judge and the defendant consent thereto. The judge may try the issues in such cases without a jury upon an accusation filed by the district attorney where the defendant has waived indictment and consented thereto in writing and counsel is present in court representing the defendant either by virtue of his employment or by appointment by the court.

Under the common law prior to the passage of OCGA § 17-7-70 and its predecessors, the superior court

> had no jurisdiction to try, or accept a plea of guilty of one charged with a felony until the grand jury had returned an indictment. By [enactment of OCGA § 17-7-70] the court was given jurisdiction so to do in felony cases, but was expressly excluded therefrom as to those "punishable by death or life imprisonment."[1]

*Webb v. Henlery*, 209 Ga. 447, 449 (74 SE2d 7) (1953) (overruled on other grounds, *Garmon v. Johnson*, 243 Ga. 855, 857 (257 SE2d 276) (1979)). After passage of the statute, the superior court remained

---

[1] The statute discussed in *Webb* referred to "felony cases other than capital felonies" and "felony cases except those punishable by death or life imprisonment" in separate sentences. This is repeated with little change in the current statute; the exclusion from jurisdiction is stated for "cases involving capital felonies" in OCGA § 17-7-70 (a), with a later reference to "felony cases, except those punishable by death or life imprisonment" in OCGA § 17-7-70 (b).

without jurisdiction to dispose of a case involving a felony "punishable by death or life imprisonment" without an indictment, and when it does so, its judgment is void. Id.

Without an indictment, the trial court had no jurisdiction to accept Weatherbed's plea and sentence him. "When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed. [Cits.]" *Darden v. Ravan*, 232 Ga. 756, 758 (1) (208 SE2d 846) (1974). A void judgment may be attacked at any time, and this is not a situation in which the limitations on this rule might apply. See *Bennett v. State*, 268 Ga. 849, 850 (494 SE2d 330) (1998).

For the purposes of superior court jurisdiction under OCGA § 17-7-70, there is no distinction between "capital felonies" and felonies "punishable by death or life imprisonment"; they have the same meaning. In general parlance, malice murder is a capital felony. See *Hayes v. State*, 268 Ga. 809, 813 (7) (493 SE2d 169) (1997). Whether a felony is punishable by death has also been considered to be the determining factor in deciding if a felony is a "capital felony" within the meaning of OCGA § 17-7-70 itself. *Smith v. Wilson*, 268 Ga. 38, 39 (1) (485 SE2d 197) (1997).

The State suggests that because it did not seek the death penalty against Weatherbed, he was not charged with a "capital felony" within the meaning of OCGA § 17-7-70. This Court has previously stated that

"[i]n our view the expression 'capital felony,' when used in our law, is merely descriptive of those felonies to which the death penalty is affixed as a punishment under given circumstances to distinguish such felonies from that *class in which under no circumstances would death ever be inflicted as a penalty for the violation of the same.*" [Cit.]

(Emphasis in original.) *Collins v. State*, 239 Ga. 400, 402 (2) (236 SE2d 759) (1977). This is also the definition that has been used in examining the precursor to OCGA § 17-7-70. See *Garmon*, supra (deciding that armed robbery is not a "capital felony" within the meaning of the statute as the death penalty could no longer be imposed for this offense).

The fact that the State did not seek the death penalty does not take this case outside the ambit of OCGA § 17-7-70. Under the definition used in *Collins*, malice murder is a capital felony because it belongs to a class of case in which the death penalty can, under certain circumstances, be imposed. OCGA §§ 16-5-1 (d); 17-10-30 (b). See, e.g., *Pruitt v. State*, 270 Ga. 745 (514 SE2d 639) (1999). The fact

that the State has chosen not to pursue the death penalty does not change the *class* of case to which it belongs. Further, such choice is not dispositive in any event; although the State did not seek the death penalty when Weatherbed was sentenced under the accusation, the death penalty could still be sought in this (or a similar) case, as the State is not necessarily precluded from seeking the death penalty should the defendant be indicted. See *Griffin v. State*, 266 Ga. 115, 119-120 (3) (464 SE2d 371) (1995).

The State's argument that Weatherbed freely and voluntarily consented to the procedure and waived his right to indictment, even if true, is irrelevant. Parties cannot, by their consent, confer subject matter jurisdiction on a court that does not otherwise have it. *Gray v. Gray*, 229 Ga. 460, 461 (192 SE2d 334) (1972).

The case is returned to the superior court for proceedings consistent with this opinion.

*Judgment reversed with direction. All the Justices concur, except Benham, C. J., who concurs specially.*

BENHAM, Chief Justice, concurring specially.

I am in full agreement with the majority opinion's holding that Weatherbed's guilty plea to murder could not be received by the trial court absent an indictment because OCGA § 17-7-70 (b) does not permit the trial court to accept a guilty plea on an accusation charging a defendant with committing a felony that is "punishable by death or life imprisonment." I write separately because I believe the time has come for this Court to comply with the change in its appellate jurisdiction in non-capital murder cases brought about by passage of the 1983 Georgia Constitution, as recognized by this Court in *State v. Thornton*, 253 Ga. 524 (1) (322 SE2d 711) (1984).

Prior to the enactment of the 1983 Constitution, the Supreme Court of Georgia was the appellate court with jurisdiction in "all cases of a conviction of a capital felony." 1976 Ga. Const., Art. VI, Sec. II, Par. IV. The 1983 Constitution expresses this Court's current appellate jurisdiction in criminal cases as follows: "All cases in which a sentence of death was imposed or could be imposed." 1983 Ga. Const., Art. VI, Sec. VI, Par. III (8). From the addition of new language, we presume that some change in the existing law was intended. *Balest v. Simmons*, 201 Ga. App. 605 (1) (a) (411 SE2d 576) (1991). In *State v. Thornton*, supra, 253 Ga. 524 (1), this Court recognized that the 1983 Constitution's grant to this Court of jurisdiction over "cases in which a sentence of death was imposed or could be imposed" does not embrace all murder cases, as the previous statement of jurisdiction had. See *Collins v. State*, 239 Ga. 400 (2) (236 SE2d 759) (1977). In *Thornton*, the State appealed the trial court's order granting a murder defendant's motion to suppress evidence.

The appeal was filed initially in the Court of Appeals, which transferred it to this Court on the ground that "a case wherein the defendant has been indicted for murder . . . is a case 'in which a sentence of death . . . could be imposed.'" *State v. Thornton*, Case No. 68255, May 3, 1984 order. This Court disagreed with the Court of Appeals' jurisdictional rationale, finding that the appeal was properly filed in the Court of Appeals under the 1983 Constitution. This Court noted the effect of the then-recent change in appellate jurisdiction:

> The district attorney did not give timely notice to the defense that the state intended to seek the death penalty, Unified Appeal, § II. A. 1., 246 Ga. at A-7, and for this reason this is *not* a case "in which a sentence of death was imposed or could be imposed." Constitution of Georgia of 1983, Art. VI, Sec. VI, Par. III (8). Hence, this appeal was properly filed in the Court of Appeals.

*State v. Thornton*, supra, 253 Ga. 524 (1).

The *Thornton* court recognized that the 1983 Constitution did not give this Court appellate jurisdiction of an appeal wherein the defendant, though charged with murder, could not receive the death penalty. For policy reasons not identified in the opinion, however, the Court issued an order directing the Court of Appeals to transfer to this Court "all cases in which either a sentence of death or of life imprisonment has been imposed upon conviction of murder, and all pre-conviction appeals in murder cases, whether or not timely notice was given by the district attorney as required by Unified Appeal, § II. A. 1., 246 Ga. at A-7." Id. Since then, this Court has accepted from the Court of Appeals numerous transfers of appeals from murder convictions in which the defendant was sentenced to life imprisonment. See, e.g., *Winn v. State*, 269 Ga. 145 (498 SE2d 56) (1998); *In re E.W.*, 256 Ga. 681 (353 SE2d 175) (1987). In fact, the appeal at bar initially was filed in the Court of Appeals, which transferred it to this Court, citing *State v. Thornton. Weatherbed v. State*, Case No. A99A1701, May 7, 1999 order. While this Court has accepted the *Thornton* transfers, we have also continued to recognize that the 1983 Constitution gives the Court of Appeals appellate jurisdiction of appeals of murder cases in which a sentence of death cannot be imposed. See, e.g., *Rhyne v. State*, 264 Ga. 176, 177 (442 SE2d 742) (1994).

This Court's interpretation of the constitutional grant of jurisdiction in *Thornton* and *Rhyne* is supported by a straightforward reading of the language used in the 1983 Constitution. Given the use of the past tense, the phrase "cases in which a sentence of death was imposed," can only mean cases in which a defendant has been sen-

tenced to death as a result of the judgment of conviction being appealed. The phrase "or could be imposed," on the other hand, speaks to the future and is applicable to those cases in which the possibility of the imposition of the death penalty still exists. Under current Georgia law, that would encompass the interim review phase of death penalty cases authorized by the Unified Appeal Process (Uniform Superior Court Rule 34), and interlocutory appeals arising in cases where the defendant has been charged with a crime punishable by death and the time within which the district attorney must give notice of intent to seek the death penalty has not yet expired. See USCR 34.

This Court's *Thornton* order requiring the Court of Appeals to transfer to the Supreme Court all appeals of murder convictions and all pre-conviction appeals in murder cases, regardless of whether the death penalty is being sought, continued the jurisdictional line drawn by the 1976 Constitution and the judicial holdings that limited the imposition of the death penalty,[2] despite the passage of the 1983 constitutional provision. It is time, however, to give effect to the 1983 Constitution's jurisdictional change which this Court acknowledged in *Thornton* and *Rhyne*.

Although I am convinced that appellate jurisdiction over this case is properly in the Court of Appeals since the record does not reflect that the district attorney timely filed a notice of intent to seek the death penalty, I am able to concur in the judgment of reversal because this case was docketed in this Court in compliance with the *Thornton* order and should therefore be resolved here. However, I would hold that after the appearance of this opinion in the advance sheets, appeals in murder cases in which the death penalty was not imposed or could not be imposed because the State did not announce timely its intent to seek that sanction pursuant to USCR 34 are to be docketed in and decided by the Court of Appeals pursuant to Article VI, Section VI, Paragraph III (8) of the 1983 Georgia Constitution.

DECIDED NOVEMBER 22, 1999.

*Craig L. Cascio,* for appellant.
*John C. Pridgen, District Attorney, Thurbert E. Baker, Attorney*

---

[2] The 1976 Constitution had given the Supreme Court jurisdiction in "all cases of a conviction of a capital felony," and "capital felony," for purposes of appellate jurisdiction, was held in *Collins v. State,* supra, 239 Ga. 400 (2), to not include rape, armed robbery, and kidnapping because the death penalty could no longer be constitutionally imposed for these crimes.

*General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General*, for appellee.