S02A1543, S02A1544. ORR v. THE STATE (two cases).
(575 SE2d 444)

BENHAM, Justice.

Appellant Kelvin Orr has filed two appeals in which he takes issue with the trial court's denial of his motion to void the judgment of conviction entered against him in 1992 when he entered guilty pleas to an indictment charging him with malice murder and an accusation charging him with armed robbery of the murder victim.[1] In conjunction with the entry of his guilty plea to the armed robbery accusation, appellant executed a written waiver of indictment. In his April 2002 motion, appellant contended the convictions are void because he was statutorily prevented from waiving his right to be tried on an indictment when the crime charged was one punishable

---

[1] Case No. S02A1543 stems from the 1991 murder indictment; Case No. S02A1544 stems from the 1991 armed robbery accusation.

by death or life imprisonment. See OCGA § 17-7-70. He also complained his guilty pleas were not voluntary and were the product of trial counsel's wrongful conduct and ineffective assistance. In denying appellant's post-conviction motion, the trial court relied on *Garmon v. Johnson*, 243 Ga. 855, 857 (257 SE2d 276) (1979), in which this Court ruled that a defendant's written waiver of indictment and plea of guilty to an accusation charging him with armed robbery did not violate the version of OCGA § 17-7-70 then in effect. These appeals followed.

1. Appellant contends the trial court erred when it denied the motion to void the judgment of conviction entered on his plea of guilty to an accusation charging him with armed robbery because OCGA § 17-7-70 (b) prohibits a waiver of indictment when one is charged with a felony punishable by death or life imprisonment. The statute authorizes superior court judges to open their courts "without the presence of either a grand jury or a trial jury" to receive and act upon guilty pleas in misdemeanor and felony cases, "except those punishable by death or life imprisonment," when the defendant and the judge consent.[2] While the acceptance of guilty pleas in felony cases punishable by death or life imprisonment without a grand or petit jury being present might appear to be precluded by § 17-7-70 (b), this Court has determined that the statute does not preclude a trial court's acceptance of a guilty plea to an accusation charging a felony punishable by life imprisonment when the accused has waived indictment in writing. *Garmon v. Johnson*, supra, 243 Ga. at 857 (defendant waived indictment and pled guilty to accusation charging armed robbery). See also *Smith v. Wilson*, 268 Ga. 38 (1) (485 SE2d 197) (1997) (defendant waived indictment and pled guilty to accusation charging sale of cocaine). The statute only precludes the trial court's acceptance of a guilty plea on an accusation charging a felony punishable by death. *Weatherbed v. State*, 271 Ga. 736 (524 SE2d 452) (1999) (trial court committed reversible error when it accepted defendant's guilty plea on an accusation charging malice murder). Since the accusation to which appellant pled guilty did not charge him with a felony punishable by death, the sentencing court had jurisdiction to take the plea following appellant's waiver of indictment and to sentence appellant thereon, and the trial court did not

---

[2] OCGA § 17-7-70 (b) abrogates the common law under which the trial court was without jurisdiction to try an accused or accept a plea of guilty from one charged with a felony until the grand jury had returned an indictment. *Weatherbed v. State*, 271 Ga. 736, 737 (524 SE2d 452) (1999); *Webb v. Henlery*, 209 Ga. 447, 448-449 (74 SE2d 7) (1953), overruled on other grounds, *Garmon v. Johnson*, supra, 243 Ga. at 857. The passage of § 17-7-70 (b)'s precursor left the superior court "without jurisdiction to dispose of a case involving a felony 'punishable by death or life imprisonment' without an indictment, and when it does so, its judgment is void." *Weatherbed v. State*, supra, 271 Ga. at 737-738.

err when it denied appellant's motion to void conviction. *Smith v. Wilson,* supra; *Garmon v. Johnson,* supra.

2. Appellant sees error in the trial court's failure to address appellant's claims that his 1992 guilty pleas were not voluntary and were the result of ineffective assistance of counsel. Looking at the substance of this portion of appellant's motion rather than its nomenclature, it is clear that appellant is seeking to withdraw his guilty pleas. See *Thompson v. State,* 274 Ga. 818 (559 SE2d 730) (2002). However, the trial court is without jurisdiction to allow the withdrawal of the guilty plea after the expiration of the term of court in which the defendant was sentenced pursuant to a guilty plea. *Davis v. State,* 274 Ga. 865 (561 SE2d 119) (2002). Thus, the trial court's failure to address the merits of the claim of involuntary plea and ineffective assistance is not error inasmuch as this portion of appellant's motion should have been dismissed. *Thompson v. State* supra, 274 Ga. 818. The only means now available to appellant for challenging the guilty pleas he entered in 1992 is through a petition for writ of habeas corpus. Id.; *Lewis v. State,* 229 Ga. App. 827 (1) (494 SE2d 678) (1997). But see *Bankhead v. State,* 253 Ga. App. 214 (2) (558 SE2d 407) (2001), which addressed the merits of a contention of ineffective assistance of trial counsel raised in a motion to vacate void judgment filed some time after defendant was sentenced after entering a guilty plea in 1993.

3. Nor did the trial court err when it failed to appoint counsel to aid appellant with the motion to void the judgment of conviction. An indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence. *Gibson v. Turpin,* 270 Ga. 855 (1) (513 SE2d 186) (1999); *Paino v. State,* 263 Ga. 331 (435 SE2d 24) (1993). Appellant's motion to void the judgment of conviction is not a direct appeal, and an indigent prisoner who has filed such a motion is not entitled to counsel. See id. (no right to counsel to pursue petition for writ of certiorari); *Jordan v. State,* 242 Ga. App. 408 (4) (530 SE2d 42) (2001) (no right to counsel to pursue motion to correct illegal sentence).

4. Appellant contends he is entitled to a direct appeal from the entry of a guilty plea. While a defendant who pleads guilty is entitled to a direct appeal when "the question on appeal is one which may be resolved by facts appearing in the record," (*Smith v. State,* 253 Ga. 169 (316 SE2d 757) (1984)), a direct appeal is one in which a notice of appeal is filed within 30 days of the entry of judgment and sentence, or within 30 days of the entry of the order disposing of a motion for new trial, motion in arrest of judgment, or a motion for judgment notwithstanding the verdict. OCGA § 5-6-38 (a). Appellant's current appeals are from a ruling on a motion filed ten years after the entry of judgment and sentence and were filed pursuant to notices of

appeal that refer to the denial of his motion to void judgment. The current appeals do not qualify as direct appeals from the entry of his guilty pleas.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

Kelvin Orr, *pro se.*

Bryant G. Speed II, District Attorney, Harold W. Goldin, Jr., *Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.