## A06A0346. WEBB v. THE STATE.
### (627 SE2d 925)

JOHNSON, Presiding Judge.

On January 26, 2005, a grand jury indicted Patrick Webb on charges of possession of a controlled substance with intent to distribute, driving under the influence, failure to wear a seat belt, and driving with an expired license plate. Prior to indictment, on October 25, 2004, Webb filed a pro se document captioned, "Waiver of Formal Indictment and Demand for Trial pursuant to O.C.G.A. 17-7-170." On March 8, 2005, the trial court entered a written order denying Webb's demand for trial, finding that the demand was not properly served and that Webb could not unilaterally waive indictment in order to file a valid demand for speedy trial. The trial court appointed an attorney to represent Webb after the case was indicted.

On April 28, 2005, Webb filed a number of pro se motions and pleadings. The trial court ordered these documents stricken because Webb was represented by counsel. On June 23, 2005, the state placed Webb on notice of its intent to prosecute him as a recidivist. On July 11, 2005, the state also placed Webb on notice of its intent to present evidence in aggravation of sentencing.

On July 18, 2005, Webb entered a negotiated guilty plea with the assistance of counsel. Webb agreed to plead guilty in return for an agreement by the state to reduce the charge of possession of cocaine with intent to distribute to possession of a controlled substance and to allow Webb to receive a sentence of five years to serve. The state entered an order of nolle prosequi to all the other charges. On August 9, 2005, Webb filed a pro se motion to amend the judgment, based on the assertion that he was not informed in court of the statutory minimum for possession of a controlled substance. The trial court denied the motion, finding it was improperly filed and that the minimum sentence for the reduced offense had no bearing on the five-year sentence negotiated by Webb and the state. Webb subsequently filed a pro se motion for an order to amend the final disposition, which was likewise denied by the court. Webb filed a direct appeal to the Supreme Court, seeking review of the trial court's order denying his motion for discharge and acquittal pursuant to OCGA § 17-7-170. The Supreme Court then transferred the appeal to this Court. We find no error and affirm Webb's conviction.

1. Webb contends the trial court erred in denying his motion for discharge and acquittal pursuant to OCGA § 17-7-170. We disagree. OCGA § 17-7-170 (a) mandates that the demand for trial "shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending." Here, Webb filed a pro se waiver of formal indictment and demand for trial without serving a copy upon the prosecutor or the trial judge. Contrary to Webb's argument, the certificate of service attached to his motion does not show that either the prosecutor or the judge was served. Accordingly, the trial court correctly ruled that the demand was not properly served and correctly denied Webb's motion for discharge and acquittal on this ground.[1]

Moreover, the trial court correctly ruled that Webb may not unilaterally waive indictment in order to file a valid speedy trial demand. This Court has repeatedly held that a demand for trial under OCGA § 17-7-170 is available only to those against whom a true bill of indictment or an accusation is filed with the clerk for a noncapital offense.[2] Where a statutory demand for trial is filed before the indictment is returned, the demand is a nullity and provides no ground for granting a plea in bar for failure to try the case within the statutory period.[3] Webb was not without access to a speedy trial. He did, however, utilize the wrong method by prematurely invoking the protections of OCGA § 17-7-170.[4] The express provisions of OCGA § 17-7-170 do not mandate Webb's acquittal under the circumstances presented, and the trial court did not err in denying Webb's motion for discharge and acquittal.

2. Webb argues that his rights to equal protection and due process were violated because the state presented the charges to the grand jury for indictment rather than bringing the case to trial in superior court by accusation. We find no error.

In the present case, Webb was charged with the felony offense of possession of cocaine with intent to distribute. Since the case involved a felony charge, Webb was entitled to an indictment by a grand jury.[5] However, the district attorney is vested with the right to try a defendant by accusation, rather than indictment, if the defendant waives indictment by a grand jury in writing.[6] The purpose of the

---

[1] See *Baker v. State*, 270 Ga. App. 762, 763-764 (1) (608 SE2d 38) (2004).

[2] See *Smith v. State*, 218 Ga. App. 392, 393 (461 SE2d 561) (1995).

[3] See *Eagles v. State*, 269 Ga. App. 462, 464-465 (1) (604 SE2d 294) (2004); *Day v. State*, 187 Ga. App. 175, 175-176 (2) (369 SE2d 796) (1988).

[4] See *Smith*, supra.

[5] See OCGA § 17-7-70 (a); *Weatherbed v. State*, 271 Ga. 736, 737-739 (524 SE2d 452) (1999).

[6] *Weatherbed*, supra.

statutory provision authorizing waiver of indictment is to give a person who has been charged with a felony the right, with the concurrence of the prosecuting officer and the judge, to have his case disposed of without having to await the action of a grand jury.[7]

Contrary to Webb's argument, the statute does not give the defendant the right to choose whether he will be tried by indictment or accusation. The statute clearly notes that the district attorney "shall have authority to prefer accusations."[8] Here, it is obvious from the record that the district attorney decided to proceed with a grand jury indictment rather than by accusation. This decision did not violate Webb's rights to equal protection or due process.

Webb also asserts that because the felony in this case was connected with traffic offenses, charged on uniform traffic citations, his charges should be considered accused within the meaning of the statute mandating a speedy trial. However, in order for a speedy trial demand to attach to a uniform traffic citation, the citation must be filed with the court by the state.[9] Here, it is undisputed that the state did not file the uniform traffic citations with the trial court. The state instead chose to commence the prosecution, not by filing the uniform traffic citations, but by seeking an indictment by a grand jury. This decision did not violate Webb's rights to equal protection or due process.

3. Based on our holdings in Divisions 1 and 2, the trial court's reliance on *Smith v. State*[10] was not error.

4. Webb argues that "the state has prejudiced the defense by violating the defendants [sic] fundamental rights at every stage of the criminal proceedings." However, as we held in Divisions 1 and 2, the trial court correctly denied Webb's motion for discharge and acquittal because the speedy trial demand provisions were not applicable in the present case. Webb was not indicted or accused within the meaning of OCGA § 17-7-170 at the time he filed his demand. The record does not contain any evidence that Webb's rights were violated or that the state has prejudiced the defense.

Webb also embarks on a discussion of matters not apparent from the record. He argues that the trial court failed to issue an appearance bond to obtain a key defense witness, and that he was denied access to public records. Webb also argues, without any support, that police abused their office by using drugs and money to pay confidential informants and that his trial strategy "hinged upon being tried

---

[7] *Smith,* supra.

[8] OCGA § 17-7-70 (a).

[9] See *Millan v. State,* 231 Ga. App. 121, 122 (497 SE2d 664) (1998); *Ghai v. State,* 219 Ga. App. 479, 480 (465 SE2d 498) (1995).

[10] Supra.

while the public was expose [sic] to the police corruption . . . and the impreachable [sic] content of their testimony." Webb makes no contention that, in accepting the guilty plea, the trial court erroneously failed to follow the established procedure. It appears from his arguments that Webb contends his plea was not voluntary because of the extraneous issues he cites in his brief.

The issues which Webb seeks to raise on appeal from his guilty plea can be developed only in the context of a post-plea hearing.[11] Webb could have filed a motion to withdraw his guilty plea and then his claims would have been aired in a timely manner at the hearing on the motion. If Webb had done so and the trial court had denied his motion, then he could have appealed to us from that denial. However, in this case there was no such motion or hearing and, thus, no appeal from an order denying the motion. Since the issues which Webb raises cannot be resolved only by facts appearing in the existing record, we cannot address them.[12]

Webb also contends that the trial court clerk refused to transmit the complete record to the Court of Appeals. Webb filed a motion to supplement the record, requesting that we direct the Chatham County Superior Court clerk to transmit the transcript of his probation revocation hearing and the transcript of the recorder's court proceeding. The Clerk of this Court contacted the superior court clerk in Chatham County and was advised that no such transcripts had been filed in the Chatham County Superior Court. This Court has no way of knowing if Webb contacted the various court reporters and made arrangements for the transcripts to be filed in the Chatham County Superior Court. However, it is clear that we cannot direct the superior court clerk to transmit transcripts that have not been filed. We, therefore, denied Webb's motion to supplement the record. Webb was not denied due process or equal protection on this ground.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 6, 2006 — 

Patrick Webb, *pro se.*

Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney, for appellee.

---

[11] See *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996).
[12] Id.