## S13A0004. DENNIS v. THE STATE.
### (736 SE2d 428)

BENHAM, Justice.

During his murder trial in March 2011, appellant Corey Dennis decided to withdraw his plea of not guilty and plead guilty to the felony murders of Jerry Lee Lawrence and Harold Reese, Jr., to two counts of kidnapping with bodily injury, to the armed robbery of Reese and to arson of Reese's property, to two counts of possession of a firearm during the commission of a crime, and to one count of possession of a firearm by a convicted felon. His plea was accepted, and the trial court imposed four sentences of life imprisonment, to be served concurrently, followed by sentences totaling thirty years, to be served consecutively to the sentences of life imprisonment. In July 2012, appellant filed a motion for an out-of-time appeal which the trial court denied after finding that appellant had not established his entitlement to an out-of-time appeal. Appellant filed this timely appeal.

" '[A]n appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record[,]' [cit.]" and the trial court's denial of a motion for out-of-time appeal is reviewed for abuse of discretion. *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012). "[T]he denial of a request for out-of-time appeal is proper if an examination of the record reveals no merit to the claimed errors. [Cit.]" *Adams v. State*, 285 Ga. 744 (1) (683 SE2d 586) (2009).

Appellant's assertions of error can be resolved by facts appearing in the record. Appellant contends the trial court lacked jurisdiction to accept appellant's guilty plea because the indictment was deficient in that it did not aver venue. However, the indictment is in the appellate record, and each count avers that the crime charged took place in Crisp County, Georgia. Accordingly, the Superior Court of Crisp County had jurisdiction to accept appellant's guilty plea. See *Landers v. State*, 285 Ga. 575, 576 (679 SE2d 343) (2009) (allegation that crime took place in a particular county was a sufficient allegation of venue). This case is distinguishable from *Weatherbed v. State*, 271 Ga. 736 (524 SE2d 452) (1999), overruled on other grounds by *Orr v. State*, 276 Ga. 91 (575 SE2d 444) (2003), where it was reversible error to accept a guilty plea to a charge of malice murder in the absence of an

indictment. In the case at bar, appellant was indicted and pled guilty to counts of the indictment.

Appellant also contends the indictment failed to charge the elements of the offenses charged, making his guilty plea to the indictment involuntary and unknowing. However, a reading of the indictment contained in the record shows the indictment was sufficient as each count tracked the language of the statute, placed appellant on notice of the charge, and admission of the conduct alleged could not result in a finding of innocence. See *Falagian v. State,* 300 Ga. App. 187 (3) (684 SE2d 340) (2009).

Lastly, appellant contends the trial court erroneously sentenced him to "surplusage counts" in violation of OCGA § 16-1-7 (a) (1), which prohibits the imposition of multiple sentences for conduct that may establish the commission of more than one crime, if one crime is included in the other. Contrary to appellant's belief, the trial court did not sentence him erroneously. Rather, the trial court complied with the statute when it noted that appellant's guilty-plea convictions for aggravated assault merged into his felony murder convictions in which aggravated assault was the predicate felony, and did not sentence him for the aggravated assaults.

The trial court's finding that appellant did not establish entitlement to an out-of-time appeal is correct, and the trial court did not abuse its discretion in denying appellant's motion for out-of-time appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

Corey Dennis, *pro se.*

*Denise D. Fachini, District Attorney, Barbara A. Becraft, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.