### A02A0086. SWEARINGEN v. THE STATE.
(564 SE2d 498)

JOHNSON, Presiding Judge.

William Swearingen, Jr. was convicted of driving under the influence of alcohol. On appeal, he challenges the denial of his motion to suppress evidence seized from what he alleges was an illegal traffic stop. He also challenges the trial court's refusal to give jury instructions pertaining to the legality of the traffic stop and the requirement that illegally obtained evidence must be suppressed. Because the trial court was not required to give the requested jury charges and because the trial court did not err in denying his motion to suppress, we affirm Swearingen's conviction.

In reviewing the denial of a motion to suppress, we construe the evidence in a light most favorable to uphold the ruling and judgment of the trial court.[1] So viewed, the evidence shows that a City of Atlanta police officer was working off-duty on a traffic detail at Lenox Square Mall. The parking lot at the mall was heavily congested with cars and pedestrians. The officer, who was wearing his official police uniform and badge, directed a limousine driver to turn left into a valet parking area. The vehicle's driver had to make several maneuvers to try to accomplish the turn. Swearingen, whose car was behind the limousine, honked his horn continuously. The officer

---

[11] See *Johnson*, supra at 166 (14).
[1] *Norred v. State*, 253 Ga. App. 379 (559 SE2d 125) (2002).

explained to Swearingen what he was trying to do and asked him to calm down, but Swearingen shouted obscenities at the officer. When the officer asked Swearingen to pull over, he shouted more obscenities. Swearingen left the parking lot in an erratic fashion, driving between cars and through heavy pedestrian traffic. The officer got into his police car and pursued Swearingen. Swearingen pulled over a few blocks away.

The officer approached Swearingen and asked him for his license and insurance information. Swearingen's eyes were bloodshot, his face was flushed, he was aggressive, and he emitted an odor of alcohol. After having Swearingen step out of the car, the officer administered several field sobriety and breath tests, which Swearingen failed. During the arrest, police discovered an open bottle of beer under his seat. Swearingen was charged with driving under the influence of alcohol, eluding an officer, obstruction of an officer, reckless driving, and possessing an open container of alcohol. The jury found him not guilty of all except the DUI charge.

1. Swearingen contends that evidence obtained during the traffic stop should have been suppressed because the officer lacked reasonable suspicion that he had committed any crime when the officer told him to pull over in the mall parking lot. He relies on the fact that the jury acquitted him of all offenses which formed the basis of the officer's stop.

The police officer testified that Swearingen was being disorderly and driving between vehicles and through heavy pedestrian traffic. Even assuming, arguendo, that the cursing and honking did not give the officer grounds to momentarily stop Swearingen, Swearingen's manner of weaving and speeding through the pedestrian-filled parking lot certainly created in the officer a legitimate concern for public safety. The fact that Swearingen was eventually acquitted of all but one offense does not require a finding that the officer lacked authority to stop him. If an officer in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later determination that the conduct observed was not a crime.[2] The officer had specific and articulable facts which justified his stop of Swearingen.[3] Therefore, the trial court did not err in denying Swearingen's motion to suppress.

2. The trial court did not err in refusing to instruct the jury on probable cause and suppression issues which had already been resolved by the trial court.[4]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[2] See *State v. Armstrong*, 223 Ga. App. 350, 351-352 (2) (477 SE2d 635) (1996).
[3] See id. at 353 (2).
[4] See *Sims v. State*, 165 Ga. App. 881, 884 (6) (303 SE2d 60) (1983).

*Zimmerman & Associates, Keith F. Brandon*, for appellant.

*Joseph J. Drolet, Solicitor-General, Andrea D. McGee, Assistant Solicitor-General*, for appellee.