A04A1309. EAGLES v. THE STATE.
(604 SE2d 294)

BARNES, Judge.

Larry Lamar Eagles appeals the trial court's denial of his motion for discharge and acquittal under OCGA § 17-7-170. He contends the trial court erred by denying his motion because he waived indictment, moved for a speedy trial, two terms of court passed with jurors impaneled to try his case, and he moved for discharge and acquittal after the start of the third term of court. We disagree and affirm.

The record shows that after Eagles was arrested on September 17, 2003, he was held without bail. Then, on October 21, 2003, he filed a pleading entitled "Waiver of Indictment and Demand for a Speedy

Trial."[1] Subsequently, on January 5, 2004, the State filed an accusation charging Eagles with two counts of aggravated battery, one count of aggravated assault, and two counts of simple battery.

On January 12, 2004, after the end of the November term of court,[2] Eagles filed a motion for discharge and acquittal under OCGA § 17-7-170 and a motion for dismissal of the charges based on the denial of his constitutional right to a speedy trial. The parties stipulated that jurors were available to try Eagles in the remainder of the July term in which his demand was filed and in the November term.

At the hearing on the motion for discharge and acquittal, Eagles contends that his motion should have been granted because his waiver of indictment made his statutory demand for trial immediately effective, and that, as more than two terms had passed without a trial, he was entitled to be discharged. He further argued that he had been denied his constitutional right to a speedy trial because of the delay between his arrest in September 2003 and the hearing in January 2004. During the hearing, Eagles presented no evidence of specific prejudice arising from the delay or State misconduct leading to the delay.

In response the State argued that the demand was ineffective when filed because it was filed before Eagles was indicted, and did not become effective until he was indicted. Thus, two terms had not passed after the demand without trial. The State also argued that a delay from September 17, 2003, to January 12, 2004, was not sufficient to warrant the grant of a constitutional speedy trial motion.

The trial court agreed with the State and denied the motion. The order stated that the approximately four-month delay in this case was not sufficient to warrant granting a constitutional speedy trial motion and that Eagles was not entitled to discharge and acquittal because his demand for trial was premature because it was filed before he was indicted. This appeal followed.

1. In this state, "[a] defendant who has made a proper demand for a speedy trial is entitled to an automatic discharge without further motion if he is not tried within the second term of court, provided that a jury is present at each term and is qualified to try him. [Cits.]"

---

[1] The pleading, which has no case number identified, states:

COMES NOW, DEFENDANT in the above-styled case, by and through his counsel of record . . . , and WAIVES FORMAL INDICTMENT by grand jury pursuant to OCGA § 17-7-170.

FURTHERMORE, pursuant to OCGA § 17-7-170, DEFENDANT . . . hereby DEMANDS A SPEEDY TRIAL by a jury of his peers.

[2] The terms of the Hall County Superior Court begin on the first Monday in May and November and the second Monday in January and July. OCGA § 15-6-3 (26) (B).

*Linkous v. State*, 254 Ga. App. 43, 45-46 (561 SE2d 128) (2002). Here, because the parties agree that jurors were available during the remainder of the July term and the November term of court, the real issue before us is whether Eagles's demand filed in October 2003 was sufficient to trigger the provisions of OCGA § 17-7-170.

In relevant part OCGA § 17-7-170 states:

> (a) *Any person against whom a true bill of indictment or an accusation is filed* with the clerk for an offense not affecting the person's life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or . . . he or she may at any subsequent court term thereafter demand a trial. In either case, the demand for trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending. The demand shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant.

(Emphasis supplied.) Dismissing a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction, one which may be invoked only if the defendant has strictly complied with the statute. *Carter v. State*, 226 Ga. App. 198 (486 SE2d 79) (1997). We have held previously that the protections afforded a defendant by OCGA § 17-7-170 do not attach until a defendant is formally indicted or accused, and that "[a] demand for speedy trial filed before the indictment is returned is a nullity." *Daniels v. State*, 235 Ga. App. 296, 298 (2) (509 SE2d 368) (1998).

Moreover, Eagles does not change this result by waiving indictment.

> We have repeatedly held that a demand for trial under the provisions of OCGA § 17-7-170 is available only to those "against whom a true bill of indictment or an accusation is filed with the clerk" for a non-capital offense. [Eagles] essentially asks this court to interpret OCGA § 17-7-170 as being available not only to those persons specifically addressed therein, but also to those persons who otherwise consent to the jurisdiction of the superior court. We do not agree with this interpretation of the statute. OCGA § 17-7-170 confers a statutory right upon persons accused of a crime to demand trial, and "because the penalty imposed by this

statute against the state is so great, it must be strictly construed." A strict construction of OCGA § 17-7-170 does not lend itself to the interpretation [Eagles] urges. Moreover, [our Supreme Court has] held that the purpose of the provision authorizing waiver of indictment, currently codified as a part of OCGA § 17-7-70, is "to give to a person who has been charged with a felony the right, with the concurrence of the prosecuting officer and the judge, to have his case disposed of without having to await the action of the grand jury." We cannot merely ignore the Supreme Court's observation . . . and we are presented with no authority even remotely challenging its basic soundness.

(Citations and emphasis omitted.) *Smith v. State*, 218 Ga. App. 392, 393 (461 SE2d 561) (1995). See also *Smith v. State,* 266 Ga. App. 529 (597 SE2d 414) (2004) (demand filed before indictment); *Ghai v. State*, 219 Ga. App. 479 (465 SE2d 498) (1995) (demand for trial filed before traffic citations were filed); *Groom v. State*, 212 Ga. App. 133, 134 (441 SE2d 259) (1994) (demand filed before indictment). Accordingly, the trial court did not err by denying Eagles's motion for discharge and acquittal under OCGA § 17-7-170.

2. Although Eagles argues that the trial court erred by denying his motion to dismiss based on constitutional speedy trial grounds, that issue is not properly before us because Eagles did not enumerate that allegation as error. "Matters not enumerated as error will not be considered on appeal." *Rider v. State*, 226 Ga. 14 (2) (172 SE2d 318) (1970). In any event, were we to consider that allegation, we would also find no error in the trial court's denial of Eagles's constitutional speedy trial motion.

In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the United States Supreme Court identified four factors for courts to consider in determining whether a defendant has been deprived of the constitutional right to a speedy trial. The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. Id. at 530. None of these factors alone is necessary or sufficient for a finding of deprivation of the right of speedy trial; rather, courts must engage in a "difficult and sensitive balancing process." Id. at 533. We review the trial court's decision under an abuse of discretion standard. *State v. Yates*, 223 Ga. App. 403, 404 (477 SE2d 670) (1996).

*State v. Bazemore*, 249 Ga. App. 584, 585 (1) (549 SE2d 426) (2001).

Considering the four-month delay and the absence of even any claimed prejudice, we would not find that the trial court abused its discretion by denying Eagles's motion based on constitutional speedy trial grounds.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2004.

*Scotty D. Kersh*, for appellant.

*Jason J. Deal*, District Attorney, *John A. Warr*, Assistant District Attorney, for appellee.