A07A0626. WALKER v. THE STATE.
(646 SE2d 734)

RUFFIN, Judge.

Bernadette Walker appeals the denial of her motion for discharge and acquittal on speedy trial grounds. For reasons that follow, we affirm.

As an initial matter, we note that Walker has failed to provide citations to the record in her brief — with the exception of a single reference to a hearing transcript — in violation of Court of Appeals Rule 25 (a). Given the shortcomings of her brief, we are authorized to

---

[8] OCGA § 15-11-94 (b) (4) (B) (i).
[9] See *In the Interest of J. W.*, 271 Ga. App. 518, 521 (610 SE2d 144) (2005).

dismiss Walker's appeal.[1] Nevertheless, we will exercise our discretion and resolve this appeal on its merits.

The record shows that Walker was arrested and issued a traffic citation on April 12, 2004 for driving under the influence ("DUI") after she was involved in a motor vehicle collision. She was released on bond the same day. On July 14, 2004, Walker's attorney attempted to file a "Notice of Appearance and Request for Speedy Trial Demand," but the attempted filing was rejected.[2] On October 12, 2004, the State filed the accusations against Walker. The notice of the January 3, 2005 plea and arraignment was mailed to Walker on December 3, 2004. On December 27, 2004, Walker filed a motion for discharge and acquittal on the grounds that the State violated her statutory and constitutional rights to a speedy trial. The trial court denied the motion, after a hearing, and this appeal followed.

1. Walker maintains that her statutory speedy trial rights were violated, arguing that her July 14, 2004 speedy trial demand was sufficient to trigger the provisions of OCGA § 17-7-170. This assertion is without merit.[3]

OCGA § 17-7-170 (a), (b) provides in relevant part:

> *Any defendant against whom a true bill of indictment or an accusation is filed with the clerk* for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . . [T]he demand for speedy trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending. . . . If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.[4]

---

[1] See *Reid v. Ga. Bldg. Auth.*, 283 Ga. App. 413 (641 SE2d 642) (2007).

[2] Walker's attorney also provided the Chief Judge of Fulton County State Court, the Clerk of Fulton County State Court, and the solicitor-general with a copy of the entry of appearance and speedy trial demand via certified mail and hand-delivery.

[3] We note that counsel for Walker has unsuccessfully asserted this argument under similar facts in previous cases. See *State v. Gerbert*, 267 Ga. 169 (475 SE2d 621) (1996); *Shire v. State*, 225 Ga. App. 306 (483 SE2d 694) (1997); *Ghai v. State*, 219 Ga. App. 479 (465 SE2d 498) (1995).

[4] (Emphasis supplied.) OCGA § 17-7-170 (a), (b).

Thus, to be effective, a demand must be filed in the court after the accusation or uniform traffic citation has been filed.[5] Here, the traffic citation was never filed with the court and thus did not trigger Walker's right to file a statutory demand for speedy trial. And Walker filed her speedy trial demand before the State filed the accusations, rendering it a nullity.[6] Accordingly, the trial court did not err in denying Walker's motion for discharge and acquittal based upon a violation of her statutory speedy trial rights.[7]

2. Walker also argues that the trial court erred by denying her motion for discharge and acquittal based on constitutional speedy trial grounds. This issue is not properly before us, however, because Walker's enumeration of error was expressly limited to statutory grounds.[8] Pretermitting Walker's waiver of this argument, however, we conclude that the trial court did not err in denying her constitutional speedy trial motion.

When determining whether a defendant has been deprived of her constitutional right to a speedy trial, a court must consider four factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant."[9] A trial court's decision regarding a constitutional speedy trial claim will not be reversed absent an abuse of discretion.[10] Here, Walker's case was set for trial on February 21, 2005, slightly more than ten months after the date of arrest. The trial was reset because Walker was on vacation and her attorney had filed a leave of absence. Trial counsel for Walker filed multiple requests for leaves of absence indicating his unavailability for more than 100 days between January 1, 2005 and February 6, 2006. Moreover, Walker did not timely file a speedy trial demand. Finally, Walker has failed to show that she was prejudiced by the delay: she was released on bond the day of her arrest; she has shown no undue anxiety or concern; and she has failed to specifically explain how her defense has been impaired by the delay.[11] Under these circumstances, the trial court

---

[5] See *Ghai*, supra at 480 ("a uniform traffic citation is not entered, within the meaning of OCGA § 17-7-170 (a)[,] until it has been duly filed with the clerk of the courts").

[6] See *Roberts v. State*, 278 Ga. 610, 611 (604 SE2d 781) (2004).

[7] See *Ghai*, supra; *Gerbert*, supra at 170.

[8] See OCGA § 5-6-40; *Eagles v. State*, 269 Ga. App. 462, 465 (2) (604 SE2d 294) (2004) (constitutional speedy trial argument not properly before the court where not enumerated as error).

[9] *State v. Bazemore*, 249 Ga. App. 584, 585 (1) (549 SE2d 426) (2001).

[10] See id.

[11] Walker argues in her brief that "the trial judge did not allow [Walker] to present any evidence of instances of prejudice despite the fact that witnesses were present at the February 6, 2006 hearing . . . [and were] ready to testify." The record belies this assertion. The trial court permitted Walker's attorney to present exhaustive argument on this issue and at no time did

did not abuse its discretion in denying Walker's motion based upon constitutional speedy trial demands.[12]

*Judgment affirmed. Blackburn, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED MAY 24, 2007.

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Carmen D. Smith, Solicitor-General, Roland Knaut, R. Leon Benham, Assistant Solicitors-General,* for appellee.

she refuse to hear the testimony of the defendant or any other witness. When the trial court announced her verbal ruling, counsel did not protest or request the opportunity to present evidence. And, following the court's ruling, Walker's counsel asked, "Could we let all these witnesses go that we have here available because I was going to put them up[?] But if the court feels and believe[s] the issues are that clear to you, then [we will] not bother them and just thank them for their time." Counsel is warned that such blatant misrepresentations will not be condoned by this court. See *Benson v. State*, 233 Ga. App. 58, 59, n. 1 (503 SE2d 316) (1998).

[12] See *Torres v. State*, 270 Ga. 79, 80 (2) (508 SE2d 171) (1998); *Oni v. State*, 285 Ga. App. 342, 343 (2) (646 SE2d 312) (2007); *Rackoff v. State*, 275 Ga. App. 737, 737-740 (1) (621 SE2d 841) (2005); *Eagles,* supra; *Bazemore,* supra.