### A10A0245. JONES v. THE STATE.
(696 SE2d 346)

DOYLE, Judge.

Quintus Jones III, proceeding pro se, appeals his conviction for driving under the influence of alcohol to the extent he was a less safe driver ("DUI less safe").[1] In several enumerations of error, Jones argues that: (1) his constitutional right to a speedy trial was violated; (2) the State failed "to produce an [i]nformation or [i]ndictment"; (3) the trial court erred by denying his motion to suppress based on lack of probable cause; (4) the State committed a *Brady*[2] violation; and (5) the trial court lacked jurisdiction, and he was denied his constitutional right to due process. We affirm, for reasons that follow.

The record reveals that on February 19, 2008, a Gwinnett County police officer observed a car speeding on Interstate 85; based on his laser speed detection device and a visual observation, the officer estimated that the vehicle was traveling approximately 85 miles per hour in a 55 miles-per-hour construction zone.[3] The officer initiated a traffic stop and approached the car, which Jones was driving. While standing beside the open window of the vehicle, the officer detected a strong odor of alcoholic beverage coming from within the car and observed that Jones's eyes were bloodshot and glazed, his speech was slurred, and he seemed sleepy and nervous. Jones indicated that he was coming from a company function, and when the officer asked him how much he had to drink, Jones replied that he had consumed three beers and two liquor drinks approximately five hours earlier.

The officer asked Jones to step outside the vehicle, and as Jones complied, he was unsteady and had to place his hand on the vehicle for balance. The officer smelled a strong odor of alcohol emanating from Jones's breath as he spoke. The officer performed field sobriety

---

[1] OCGA § 40-6-391 (a) (1).

[2] *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[3] The officer testified that the "normal" speed limit on Interstate 85 was 65 miles per hour.

tests, including the horizontal gaze nystagmus, the vertical nystagmus test, a walk-and-turn evaluation, a one-leg stand evaluation, and an alco-sensor test, each of which indicated to the officer that Jones was impaired. Based on his observations, the officer believed that Jones was under the influence of alcohol to the extent he was a less safe driver.

Jones was arrested and charged in Gwinnett County Recorder's Court with DUI less safe and speeding in a construction zone. He filed a speedy trial demand in Recorder's Court on April 25, 2008.[4] After Jones demanded a jury trial, his case was bound over to state court,[5] where the State filed an accusation charging Jones with DUI less safe, speeding in a construction zone,[6] and speeding.[7] Jones then filed a motion to dismiss, which contained a demand for a speedy trial. He was arraigned on December 15, 2008, at which time he verbally reiterated his speedy trial demand. The case appeared on a calendar call on February 3, 2009, and Jones announced that he was not ready because he had not received discovery from the State. After the State responded that Jones had not yet made a discovery request, the trial court directed the State to provide him discovery on the record, even absent a request, and the State complied.[8] The trial court held a hearing on Jones's motion to suppress on March 5, 2009, and the court later denied the motion on March 9, 2009. Jones announced not ready again at an April 14, 2009 calendar call. The case then proceeded to trial on April 20, 2009, over Jones's objection and without his participation.[9] The jury found Jones guilty of DUI, and he was acquitted of the speeding charges.

1. As a threshold matter,

we note that [Jones's] brief does not contain a single citation to the record, in violation of the rules of this

---

[4] Jones does not provide a citation to the record for the speedy trial demand, and we have not found it in the record. At trial, however, the State conceded that Jones filed a speedy trial demand in Recorder's Court on April 25, 2008.

[5] The Gwinnett County Recorder's Court judge signed the bind over order on May 6, 2008, but the order was not filed in state court until September 26, 2008.

[6] OCGA § 40-6-188 (e) (2).

[7] OCGA § 40-6-181 (b).

[8] At the February 3, 2009 calendar call, the State provided Jones with a copy of the traffic citation, the accusation, a witness list, the police report, the impound form, a copy of the Intoxilyzer slip, and a copy of the DVD depicting his arrest.

[9] Jones's objections included, inter alia: his charges "were not certified"; "[i]t was improper service of process as far as the summons"; he was entitled to a discharge because his right to a speedy trial had been violated; the State did not timely respond to discovery requests; the trial court did not have jurisdiction; "the real party in interest [had not been ratified]"; and he had not received requested information from the State "so [he could] settle this matter properly . . . so far as accepting the charge for value and consideration as long as [he could] settle the account."

Court.[10] Court of Appeals Rule 25 (c) (2) specifically provides that in the absence of proper reference to the record, the Court will not search for or consider such enumeration. Furthermore, [Jones's] brief does not comport with Court of Appeals Rule 25 (a) (1), as it does not contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal, nor does it state the method by which each enumeration of error was preserved for consideration on appeal. Although [Jones] is acting pro se, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court. Indeed, it is not the function of this Court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record. Thus, because [Jones] has failed to support his enumerations by a single citation to the record, his appeal presents nothing for consideration. Nevertheless, because the record in this case is fairly small, and [the State has] provided sufficient citations to the record, we will address the merits of [Jones's] appeal.[11]

2. Jones argues that he was denied his constitutional right to a speedy trial. We disagree.

(a) "A trial court's decision regarding a constitutional speedy trial claim will not be reversed absent an abuse of discretion."[12] We analyze Jones's claim

under the rubric of *Barker v. Wingo.*[13] Under *Barker's* four-part balancing test, one must consider: (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right to speedy trial; and (4) the prejudice to the defendant. Standing alone, none of these factors are a

---

[10] Jones's brief does contain several footnotes that reference documents contained in an exhibit to his brief. "Exhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and afford no basis for reversal." *Portee v. State of Georgia*, 277 Ga. App. 536, 537 (1) (a) (627 SE2d 63) (2006) (punctuation omitted). Moreover, his references do not comply with Court of Appeals Rule 25 (a) (1), which requires that "[r]ecord and transcript citations shall be to the volume or part of the record or transcript and the page numbers that appear on the appellate record or transcript as sent from the trial court."

[11] (Punctuation omitted.) *Fortson v. Brown*, 302 Ga. App. 89, 90 (1) (690 SE2d 239) (2010).

[12] *Oni v. State*, 285 Ga. App. 342, 343 (2) (646 SE2d 312) (2007).

[13] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test. Thus, we must apply and weigh these factors together to determine if [Jones's] constitutional right to a speedy trial has been abridged. Before balancing these factors, we must determine whether the length of the delay is presumptively prejudicial, and if so, we then must weigh that factor with the other factors to determine whether the right has been abridged.[14]

Here, Jones was arrested on February 19, 2008. He first asserted his right to a speedy trial in Recorder's Court on April 18, 2008, but he then demanded a jury trial, requiring his case to be bound over to state court on May 6, 2008, where he filed a motion to dismiss containing an assertion of his right to a speedy trial on December 10, 2008. On March 6, 2009, the trial court denied Jones's motion to suppress and motion to dismiss. The case then appeared on a February 3, 2009 trial calendar call. At the trial calendar call, Jones announced that he was not ready for trial because he had not yet received discovery.[15] He again announced that he was not ready at an April 14, 2009 calendar call, and again on April 20, 2009, before the trial court insisted that the trial go forward on April 21, 2009.

Pretermitting whether the length of the delay was presumptively prejudicial,[16] Jones has not demonstrated that he was prejudiced by the delay. He was released on bond the day following his arrest, and he has shown no undue concern or anxiety. Moreover, he has failed to show that his defense was impaired by the delay.[17] "Under these circumstances, the trial court did not abuse its discretion in denying [Jones's] motion based upon constitutional speedy trial demands."[18]

(b) To the extent that Jones argues that the trial court erred by denying his motion to dismiss based on statutory speedy trial grounds, that issue is not properly before us because Jones's enumeration was expressly limited to constitutional grounds.[19] Pretermitting Jones's waiver, however, there is no merit to his statutory

---

[14] (Punctuation and footnotes omitted.) *Davis v. State*, 301 Ga. App. 155, 156 (687 SE2d 180) (2009).

[15] As noted, supra, Jones had not yet filed a discovery request.

[16] The trial court's order does not indicate whether it found the delay to be presumptively prejudicial. We note, however, that it is well-settled that delays exceeding one year are presumptively prejudicial. See *Over v. State*, 302 Ga. App. 215, 216 (1) (690 SE2d 507) (2010).

[17] See *Walker v. State*, 285 Ga. App. 529, 531 (2) (646 SE2d 734) (2007).

[18] Id. at 531-532 (2).

[19] See OCGA § 5-6-40; *Walker*, 285 Ga. App. at 531 (2); *Eagles v. State*, 269 Ga. App. 462, 465 (2) (604 SE2d 294) (2004).

speedy trial claim.

Jones's apparent demand for a speedy trial in the Recorder's Court was not valid in the state court. Because "[t]he Recorder's Court of Gwinnett County neither impanels juries nor has regular terms,"[20] his speedy trial demand filed there was ineffective.[21] And Jones's speedy trial demand contained within his December 10, 2008 motion to dismiss filed in state court was not a "separate, distinct, and individual document" as required by OCGA § 17-7-170 (a). Further, Jones has failed to demonstrate that he served the State with a copy of the December 8, 2009 demand, which is also specifically required under the statute.[22] Finally, even assuming that Jones's December 2009 demand was effective, he waived his right to a speedy trial under OCGA § 17-7-170 by announcing not ready for trial on February 3, 2009, April 14, 2009, and April 20, 2009.[23]

3. Jones enumerates as error the trial court's denial of his motion to dismiss the charges against him because the State "failed to produce an Information or Indictment." In the argument portion of his brief, Jones maintains that he never entered a plea to the charges and that he never gave anyone "power of attorney" to do so on his behalf. These arguments are without merit.

At arraignment, the State provided Jones with a copy of the accusation, and the trial court offered to read the accusation aloud in open court, but Jones declined. Jones refused to enter a plea to the charges, and the trial court entered a not guilty plea on his behalf, which it was authorized to do, given Jones's silence.[24]

4. Jones alleges that the trial court erred by denying his motion to suppress, arguing that the arresting officer did not have probable cause to stop him. We disagree.

The evidence that Jones was speeding in violation of the law provided sufficient reasonable, articulable suspicion to justify the

---

[20] *Oliver v. State*, 262 Ga. App. 637, 638 (1) (586 SE2d 333) (2003), citing Ga. L. 1972, p. 3125.

[21] See id. (the wording of OCGA § 17-7-170 (b) implies that a motion for discharge and acquittal based on a statutory speedy trial demand " 'is applicable only in courts which have terms and impanel juries' ").

[22] See OCGA § 17-7-170 (a) ("the demand for speedy trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending").

[23] See *Oni v. State*, 268 Ga. App. 840, 841 (602 SE2d 859) (2004).

[24] See OCGA § 17-7-94 ("If the person accused of committing a crime, upon being arraigned, . . . stands mute, the clerk shall immediately record upon the minutes of the court the plea of 'not guilty,' together with the arraignment; and the arraignment and plea shall constitute the issue between the accused and the [S]tate."); *Reedman v. State*, 265 Ga. App. 162, 165 (4), n. 4 (593 SE2d 46) (2003) ("Although [the defendant] stood mute and refused to participate in the arraignment process, the trial court was authorized to enter a not guilty plea on his behalf.").

YALE LAW LIBRARY

traffic stop.[25] Further, the officer's visual estimate was sufficient to establish Jones's speed.[26] And, contrary to Jones's argument, the fact that he was ultimately acquitted of the speeding charges does not require a finding that the arresting officer lacked authority to stop him.[27]

5. Jones lists "Brady violation on evidence" as his fourth enumeration of error. He does not, however, support this enumeration with argument or citation of authority, as required by Court of Appeals Rule 25 (a) (3).[28] Thus, this enumeration is deemed abandoned.[29] Nevertheless, we note that Jones has failed to demonstrate that the State violated *Brady v. Maryland*,[30] which "requires the prosecutor to disclose all evidence favorable to the defendant that is material to the defendant's guilt or punishment. The rule applies to exculpatory materials known to the prosecutor or only to police investigators. . . ."[31] On appeal, Jones has pointed to no material exculpatory materials that the State failed to disclose.

6. In his final enumeration, Jones argues that the trial court lacked jurisdiction and that he was denied his constitutional right to due process under the United States Constitution. Specifically, Jones alleges the following grounds: "insufficient service of process, complaint not signed and sworn to by a fact witness under penalty of perjury, no claim where relief can be granted, and failure to produce injured party." He also argues that his motion for default judgment was denied and that he objected to the lack of "ratification of

---

[25] See *McBee v. State*, 296 Ga. App. 42, 45 (1) (673 SE2d 569) (2009); *Reedman*, 265 Ga. App. at 165 (3).

[26] See *McBee*, 296 Ga. App. at 45 (1).

[27] See *Swearingen v. State*, 255 Ga. App. 85, 86 (1) (564 SE2d 498) (2002) ("If an officer in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later determination that the conduct observed was not a crime."); *Allenbrand v. State*, 217 Ga. App. 609, 610 (1) (458 SE2d 382) (1995) (defendant's eventual acquittal of traffic offense is irrelevant in determining whether the officer's traffic stop was authorized).

[28] Instead, Jones's argument in support of this enumeration addresses a purported violation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

> It is well settled, however, that an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors. Moreover, we are precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. Thus, because [Jones] failed to enumerate his argument regarding [a purported *Miranda* violation], it is not properly before this Court, and we will not address it.

*Collier v. State*, 303 Ga. App. 31, 33 (2), n. 10 (692 SE2d 697) (2010) (citations and punctuation omitted).

[29] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."). *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007).

[30] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[31] (Footnotes omitted.) *Henley v. State*, 285 Ga. 500, 506 (4) (678 SE2d 884) (2009).

commencement by a [r]eal [p]arty of [i]nterest." These arguments, motions, and objections are proper in civil cases, and are not applicable to criminal cases.

Jones also alleges that the State failed to respond to discovery. As we have already explained, the State provided him with copies of the citation, the accusation, a witness list, the police report, the DVD depicting the traffic stop, and the results of the Intoxilyzer test. Jones has not indicated what other evidence or documents he requested that the State failed to produce. Thus, this assertion provides him no relief.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 27, 2010 —
RECONSIDERATION DISMISSED JUNE 17, 2010.

Quintus Jones III, *pro se.*
*Rosanna M. Szabo, Solicitor-General, Joelle M. Nazaire, Richard C. Armond, Assistant Solicitors-General*, for appellee.