## A10A1911. HUDSON v. THE STATE.
(715 SE2d 442)

MILLER, Presiding Judge.

A Fulton County grand jury indicted David Hudson for two counts of aggravated sodomy (OCGA § 16-6-2 (a) (2)), one count of sexual battery (OCGA § 16-6-22.1 (b)), one count of battery (OCGA § 16-5-23.1 (a)), and one count of reckless conduct (OCGA § 16-5-60). Hudson appeals from the trial court's denial of his motion for discharge and acquittal, arguing that the trial court erroneously found that his speedy trial demand did not satisfy the statutory pleading requirements of OCGA § 17-7-170. We agree and conclude that Hudson's demand for speedy trial was properly pled as a separate, distinct, and individual document. Accordingly, we reverse the trial court's order and remand this case for further proceedings.

This appeal presents a question of law, which we review de novo. *Snow v. State*, 229 Ga. App. 532 (494 SE2d 309) (1997).

The record shows that on June 23, 2009, Hudson was indicted in the Superior Court of Fulton County. On August 6, 2009, Hudson filed his demand for a speedy trial, together with ten other pleadings and motions upon a single form certificate of service. On September 17, 2009, the trial court granted the State's motion to dismiss Hudson's demand for failure to comply with the pleading requirements of OCGA § 17-7-170. Thereafter, on December 30, 2009, Hudson filed a motion for discharge and acquittal for failure to be tried within the time frame set forth in OCGA § 17-7-170. The trial court denied Hudson's motion on April 16, 2010, finding that it was meritless in light of the prior dismissal of Hudson's speedy trial demand. The instant appeal followed.

Hudson challenges the trial court's denial of his motion for discharge and acquittal, as well as the underlying dismissal of his speedy trial demand, arguing that his demand satisfied the pleading requirements of OCGA § 17-7-170 (a) and that the trial court's prior ruling to the contrary was error. We agree.

OCGA § 17-7-170 (a) pertinently sets forth the required form of a statutory speedy trial demand:

> . . . A demand for speedy trial filed pursuant to this Code section shall be filed as a separate, distinct, and individual document and shall not be a part of any other pleading or document. Such demand shall clearly be titled "Demand for Speedy Trial"; reference this Code section within the pleading; and identify the indictment number or accusation number for which such demand is being made. . . .

As noted above, the record reflects that Hudson filed 11 different

documents on August 6, 2009, all of which were listed upon a single certificate of service. One of the eleven documents filed included Hudson's statutory demand for a speedy trial. Notwithstanding the absence of a separate certificate of service attached directly to Hudson's speedy trial demand filing, see generally OCGA § 17-1-1 (e) (2), Hudson's demand was otherwise its own separate, distinct, and individual document that was not a part of any of the ten additional documents filed on August 6, 2009. See OCGA § 17-7-170 (a). Compare *Jones v. State*, 304 Ga. App. 445, 449 (2) (b) (696 SE2d 346) (2010) (concluding defendant's speedy trial demand was not a separate, distinct, and individual document where it was contained within the defendant's motion to dismiss). Moreover, Hudson's speedy trial demand complied with the additional pleading requirements of OCGA § 17-7-170 (a) insofar as the self-contained document clearly bears the title "DEMAND FOR SPEEDY JURY TRIAL," references OCGA § 17-7-170 (a), and identifies the indictment number for which such demand is being made.

We therefore conclude that, contrary to the trial court's ruling otherwise, Hudson's speedy trial demand complied with the pleading requirements as contemplated by OCGA § 17-7-170 (a). Consequently, the trial court erred in dismissing Hudson's speedy trial demand.[1] In light of this error, we hereby reverse the trial court's order denying Hudson's motion for discharge and acquittal and remand this case for further proceedings to determine whether Hudson's statutory speedy trial demand satisfied all the remaining requirements of OCGA § 17-7-170.

*Judgment reversed and case remanded for further proceedings. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 11, 2011 —
RECONSIDERATION DENIED JULY 28, 2011.

*Teddy R. Price*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[1] The State argues that Hudson's demand for a speedy trial is nevertheless void under OCGA § 17-7-170 (b) for failure to show there were jurors empaneled and qualified to try Hudson within the term of court in which his demand was made or in the term of court which followed. However, this issue was not ruled upon by the trial court. Thus, we are not authorized to consider it on appeal. See *Frank v. State*, 257 Ga. App. 164, 167 (3) (570 SE2d 613) (2002) ("It is well settled that we will not consider errors, even those of constitutional magnitude, unless they were raised and ruled on in the trial court.") (citation and punctuation omitted).