**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P.J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

December 20, 2016

# In the Court of Appeals of Georgia

A16A2143. ROGERS v. STATE.

MILLER, Presiding Judge.

Hanna Rogers appeals from the denial of her motion to dismiss charges for DUI-per se, DUI-less safe, reckless driving, and two traffic offenses on speedy trial grounds. Rogers contends that the trial court erred in finding that her statutory speedy trial demand was invalid under OCGA § 17-7-170. For the reasons that follow, we agree. Consequently, we reverse, and remand for proceedings consistent with this opinion.

The denial of a statutory speedy trial demand presents a question of law which this Court reviews de novo. *Hudson v. State*, 311 Ga. App. 206 (715 SE2d 442) (2011).

So viewed, the record shows that on December 23, 2015, the State filed accusations against Rogers in the State Court of Fulton County for DUI, reckless driving and the traffic offenses.[1] On February 25, 2016, Rogers filed multiple documents and motions in the State Court, including an entry of appearance, waiver of formal arraignment, and not guilty plea; general and special demurrers; a motion for discovery and production of documents; motions to exclude her blood and field sobriety test results, statements, and other evidence; and a demand for speedy trial pursuant to OCGA § 17-7-170. The speedy trial demand was clearly titled "DEMAND FOR SPEEDY TRIAL;" it was served by hand-delivery on the trial judge, the Solicitor General's office, and the State Court Clerk; it was not stapled or otherwise bound to any other document filed that day; and it specifically identified the accusation number for Rogers's case. Finally, the speedy trial demand specifically cited OCGA § 17-7-170.

Rogers's case was set for a jury trial on May 6, 2016, and during a hearing that day, defense counsel orally moved to dismiss the charges against her based on the

---

[1] The charges arose out of a motor vehicle accident in which Rogers allegedly made an illegal left turn and collided with another vehicle. Rogers also allegedly admitted that she consumed alcohol and took a prescription medication prior to the crash.

State's failure to try the case within two terms of court following the filing of Rogers's speedy trial demand. The trial court subsequently denied Rogers's motion, and this appeal ensued.

> OCGA § 17-7-170 (a) pertinently sets forth the required form of a statutory speedy trial demand: [a] demand for speedy trial filed pursuant to this Code section shall be filed as a separate, distinct, and individual document and shall not be a part of any other pleading or document. Such demand shall clearly be titled "Demand for Speedy Trial"; reference this Code section within the pleading; and identify the indictment number or accusation number for which such demand is being made[.]

(Punctuation omitted.) *Hudson*, supra, 311 Ga. App. at 206.

Here, the record shows that Rogers filed multiple documents on the same day, including her statutory speedy trial demand. Each document had a separate certificate of service, and each document was clearly and distinctly titled, including Rogers's speedy trial demand. Moreover, Rogers's speedy trial demand referenced OCGA § 17-7-170, it was not stapled or otherwise bound to any other document filed that day, and it specifically identified the accusation number for Rogers's case. Consequently, Rogers's speedy trial demand complied with the pleading requirements set forth in

OCGA § 17-7-170, and the trial court erred in denying her motion to dismiss. See *Hudson*, supra, 311 Ga. App. at 207.

In light of this error, we reverse the trial court's order and remand this case for further proceedings to determine whether Rogers's speedy trial demand satisfied the remaining requirements of OCGA § 17-7-170, including the requirement of showing that there were jurors empaneled and qualified to try Rogers within the term of court in which she filed her speedy trial demand, or the following term of court.

*Judgment reversed, and case remanded. McFadden, P.J., and McMillian, J., concur.*