**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 13, 2018**

# In the Court of Appeals of Georgia

A18A0582. URIBE v. THE STATE.

MERCIER, Judge.

Mateo Uribe appeals from the trial court's order denying his motion for discharge and acquittal on statutory speedy trial grounds under OCGA § 17-7-170, contending that the order is erroneous and that the court erred in denying his motion without first holding an evidentiary hearing, in violation of his constitutional right to due process.[1] For the reasons that follow, we affirm.

---

[1] As the State points out, Uribe did not separately enumerate his claim that the trial court's order was erroneous. See Court of Appeals Rule 25 (a) (2); OCGA § 5-6-40. However, this issue is part of Uribe's argument as to the error that was enumerated, and is sufficiently set out in Uribe's brief and the notice of appeal so as to require this Court to address it. See OCGA § 5-6-48 (f); *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

1. We disagree with Uribe's contention that the trial court's findings were erroneous. "The denial of a statutory speedy trial demand presents a question of law which this Court reviews de novo." *Rogers v. State*, 340 Ga. App. 24 (795 SE2d 328) (2016) (citation omitted). "When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly." *Williamson v. State*, 295 Ga. 185, 186 (1) (758 SE2d 790) (2014) (citations and punctuation omitted).

OCGA § 17-7-170 (a) sets forth the required form for a statutory speedy trial demand in a non-capital case:

> A demand for speedy trial filed pursuant to this Code section *shall be filed as a separate, distinct, and individual document and shall not be a part of any other pleading or document. Such demand shall clearly be titled "Demand for Speedy Trial"*; reference this Code section within the pleading; and identify the indictment number or accusation number for which such demand is being made[.]

(Emphasis supplied). OCGA § 17-7-170 (b) provides that "[i]f the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and

2

qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

> Dismissing a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction, one which may be invoked only if the defendant has strictly complied with the statute. . . .OCGA § 17-7-170 confers a statutory right upon persons accused of a crime to demand trial, and because the penalty imposed by this statute against the state is so great, it must be strictly construed.

*Eagles v. State*, 269 Ga. App. 462, 464-465 (1) (604 SE2d 294) (2004) (citations and punctuation omitted) (applying a former version of OCGA § 17-7-170 and finding that a speedy trial demand was a nullity because it was filed prior to the defendant being indicted or accused, in violation of the statutory requirements).

The relevant facts in this case are mostly undisputed. Following the binding over of Uribe's case from the Recorder's Court of Gwinnett County to the State Court of Gwinnett County, the State filed an accusation on February 1, 2017, charging Uribe with driving under the influence of alcohol (less safe), driving under the influence of alcohol (per se), speeding, and failure to maintain lane, which offenses allegedly occurred on June 10, 2016. On February 15, 2017, Uribe's counsel filed several pleadings, including a document entitled "Defendant's Waiver of Formal Arraignment,

3

Entry of 'Not Guilty' Plea and Demand For Jury Trial" (the "demand"). The text of that pleading is as follows:

> NOW COMES Defendant and hereby waives formal arraignment, enters a plea of "not guilty" to all pending charges, and demands a trial by jury pursuant to Art. I, Sec. I, Par. XI (a) and Art. I, Sec. I, Par. I of the Georgia Constitution, as well as the Sixth and Fourteenth Amendments of the United States Constitution, and under OCGA § 17-7-170. Having served the Prosecutor with a copy of this demand within the present term or the next term of this court, the Defendant prays that he/she be acquitted and discharged of any and all offenses charged/arising herein in the event a trial is not had within that time period.

On July 28, 2017, Uribe filed his "Motion for Discharge and Acquittal Pursuant to OCGA § 17-7-170" (the "motion"), arguing that because he had not been tried in the same term in which he filed his demand or in the next succeeding term, he was entitled to discharge and acquittal. Uribe contends on appeal that, along with the motion, he filed a rule nisi and requested a hearing. However, the record contains no evidence that Uribe requested a hearing on the motion, either at the pages that he cites in his brief or anywhere else in the record. The State filed a brief in opposition to the motion, and on August 28, 2017, the trial court entered an order denying the motion for discharge and acquittal, finding that Uribe's demand did not comply with the

4

requirements of OCGA § 17-7-170 because (1) it was not entitled "Demand for Speedy Trial" and (2) it was not filed as a separate, distinct and individual document.

The pleading requirements set forth in OCGA § 17-7-70 (a) are clear and unambiguous, and we therefore give them their plain and ordinary meaning. See *Williamson*, supra. Uribe did not comply strictly with the pleading requirements in that statute. See *Eagles*, supra. His pleading was not entitled "Demand for Speedy Trial" and was filed as part of another pleading (a waiver of formal arraignment, entry of not guilty plea, and demand for jury trial). Therefore, Uribe did not properly file a statutory speedy trial demand pursuant to OCGA § 17-7-170 (a) and he is not entitled to discharge and acquittal pursuant to OCGA § 17-7-170 (b). See *Jones v. State*, 304 Ga. App. 445, 448-449 (2) (b) (696 SE2d 346) (2010) (there was no merit to appeal from denial of speedy trial motion where the purported statutory speedy trial demand was not a separate, distinct and individual document as required by OCGA § 17-7-170; the defendant failed to demonstrate that he served the State with a copy of the demand; and he waived the right to speedy trial by announcing "not ready" for trial on two separate dates); compare *Rogers*, supra at 25 (where the speedy trial demand was filed separately, was clearly and distinctly titled, referenced OCGA § 17-7-170, and identified the accusation number for the defendant's case, it complied with the

5

statutory pleading requirements for a speedy trial demand); *Hudson v. State*, 311 Ga. App. 206 (715 SE2d 442) (2011) (reversing an order denying a motion for discharge and acquittal and remanding case where one certificate of service was used for the speedy trial demand as well as ten other documents, the demand was otherwise a separate, distinct and individual document, the demand was titled "Demand for Speedy Jury Trial," and it otherwise complied with the pleading requirements of OCGA § 17-7-170 (a)).

Uribe asserts that the text of his demand was sufficient to constitute a statutory speedy trial demand, that the caption or title of the motion must be read in conjunction with the text, that he was not required to use the exact title "Demand for Speedy Trial," and there is no prescribed form for a speedy trial demand. However, the 2006 revision of OCGA § 17-7-170 added (among others) the pleading requirements at issue here. See Ga. L. 2006, p. 893, § 1. Those requirements are included in the most recent version of the statute, which is applicable in this case. OCGA § 17-7-170 (a) (2011).

The cases that Uribe cites in support of his arguments were decided under pre-2006 versions of OCGA § 17-7-170, which versions did not contain all of the specific

pleading requirements contained in the current version of the statute.[2] The trial court did not err in holding that Uribe failed to comply with OCGA § 17-7-170 (a) and thus was not entitled to discharge and acquittal under OCGA § 17-7-170 (b).

2. We disagree with Uribe's contention that his due process rights were violated because the trial court denied his motion for discharge and acquittal without first conducting a hearing. He argues that a hearing would have provided him the "opportunity to argue that [the demand] was still 'legally sufficien[t]' under current Georgia case law [or] that he had a 'good faith argument' for the modification or extension of the law so that [the demand] would or should be held as sufficient," and the opportunity to demonstrate that the other requirements of OCGA § 17-7-170 were met and that he had not taken any affirmative action to waive his speedy trial demand. However, as explained in Division 1 supra, Uribe's arguments regarding the two pleading requirements addressed in the trial court's order are unavailing, and the demand is insufficient on its face. Consequently, Uribe's compliance with the

---

[2] See, e.g., *Aranza v. State*, 213 Ga. App. 192 (444 SE2d 349) (1994); *Baker v. State*, 212 Ga. App. 731 (442 SE2d 815) (1994); *State v. Allen*, 192 Ga. App. 730 (386 SE2d 394) (1989); *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982).

remaining pleading requirements, and the issue of whether he waived his speedy trial demand, are irrelevant.

Uribe cites several cases for his argument that "rul[ing] on an issue in a case without any notice to the parties or a meaningful opportunity to be heard presents significant due process concerns."[3] He also cites several criminal cases in which, in other contexts, the failure to hold a hearing was found to be erroneous.[4] However, Uribe points to no statute or case that mandates an oral hearing in every case in which a motion for discharge and acquittal pursuant to OCGA § 17-7-170 is filed.

---

[3] See, e.g., *City of Cedartown v. Pickett*, 194 Ga. 508, 512 (3) (22 SE2d 318) (1942) (a stay order in a civil case was invalid when it was issued ex parte, without notice to the opposite party and without affording an opportunity for the opposite party to be heard); *Colden v. State*, 244 Ga. App. 793, 794 (536 SE2d 820) (2000) (in a civil forfeiture case, "the judgment taken without an order lifting [a] stay and without notice and an opportunity for the parties to be heard on the issue of the stay was void and without effect"); *Hood v. Carsten*, 267 Ga. 579, 580-582 (481 SE2d 525) (1997) (where ex parte bond revocation order was issued, trial court erred in failing to hold a hearing within a reasonable time after arrest or the filing of the State's motion to revoke bond, in violation of the defendant's due process rights).

[4] See, e.g., *Vanselvor v. State*, 162 Ga. App. 467, 469 (291 SE2d 772) (1982) (trial court erred in refusing to hold a hearing on defendant's request to withdraw her guilty plea); *Gantt v. Sweatman*, 162 Ga. App. 738 (293 SE2d 359) (1982) (trial court erred in denying a motion for new trial without holding a hearing because the relevant statutes clearly indicate that a movant for new trial is entitled to a hearing and the relevant provisions are "consonant with the constitutional requirements for procedural due process").

Uribe moved for discharge and acquittal on the record and had the opportunity to make, in his pleadings, any argument to the trial court that he deemed necessary; the State filed a brief in opposition; Uribe filed no response, and does not allege that he was not permitted to respond to the State's brief; and he fails to show by the appellate record that he requested a hearing. In these circumstances, Uribe has not demonstrated that he was denied notice and a meaningful opportunity to be heard.

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*