**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 17, 2025**

# In the Court of Appeals of Georgia

A25A0388. JENNIS v. THE STATE.

MARKLE, Judge.

Nidhi Jennis appeals from the trial court's order denying her motion for discharge and acquittal and her plea in bar based on a speedy trial violation. On appeal, Jennis argues that the trial court erred by concluding that the motion for speedy trial failed to meet the statutory requirements. Because we agree, we reverse the trial court's order and remand the case for further proceedings.

"The denial of a statutory speedy trial demand presents a question of law which this Court reviews de novo." *Rogers v. State*, 340 Ga. App. 24 (795 SE2d 328) (2016). And, "[w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. When a statute contains

clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly." (Citation omitted.) *Uribe v. State*, 346 Ga. App. 264, 265 (1) (816 SE2d 113) (2018).

So viewed, the record shows that Jennis was charged by accusation with DUI (less safe); reckless driving; and failure to maintain her lane. On November 17, 2021, Jennis's counsel filed (1) a waiver of formal arraignment and plea of not guilty; (2) general and special demurrers; and (3) a 25-page packet of motions, the first of which was entitled "Motion for discovery and notice to produce." Only the first page of the packet was stamp filed by the court clerk's office, although the pages were not stapled. The packet included a discovery motion; a motion for chemical testing; motions to exclude and suppress evidence; and a demand for discovery. On the last page of the packet, there was a document entitled "Demand for Speedy Trial."

This single-page motion for speedy trial displayed the case style and case number, it cites OCGA § 17-7-170, and it contains a certificate of service showing that it was mailed to the state court judge, the clerk of court, and the solicitor general's office. The State did not file a response to the speedy trial demand, and there was no

hearing on the motion. In March 2024, Jennis filed motions for discharge and acquittal and a plea in bar, both alleging violations of her statutory right to a speedy trial.[1]

At the hearing on these motions, the State argued that the speedy trial demand was insufficient because it was not filed as a separate and distinct motion, but instead was part of a packet containing other motions. Jennis contended that the motion was filed as a separate document with its own certificate of service, and that under *Rogers*, the motion met the statutory requirements. Defense counsel testified that it is his practice to file the speedy trial demand in the same packet, but not stapled to any other motion and with its own title, case style, and certificate of service as a stand-alone motion. He noted that the packet was mailed due to COVID, but that there was no requirement to hand deliver the filing. He also noted that he was counsel in the *Rogers* case, and he followed the same practice in that case as he had in the instant case.

The trial court denied the motions for discharge and acquittal and plea in bar, finding the motion here was not filed as a separate and distinct individual document, but rather was "buried" at the end of the packet of other motions. The court noted that counsel had filed two other motions that the clerk of court stamped filed

---

[1] The State has not argued that it did not receive the demand.

separately that same day. As a result, the court concluded that *Rogers* was distinguishable, and the manner in which the demand was filed did not reasonably notify the prosecutor, clerk, or court of the demand. This appeal followed.

On appeal, Jennis argues that it was error to deny her motions because the speedy trial demand met the statutory requirements, as it identified the case name, docket number, and speedy trial statute; it was filed as a separate and individual document; and it was served on the court, clerk, and prosecutor. Jennis notes that her counsel followed the exact same procedure in this case as he did in *Rogers*, and thus *Rogers* controls. We agree that Jennis's speedy trial demand satisfied the statutory requirements of OCGA § 17-7-170 (a).

OCGA § 17-7-170 (a) provides, in relevant part, that

[a] demand for speedy trial filed pursuant to this Code section shall be filed as a separate, distinct, and individual document and shall not be a part of any other pleading or document. Such demand shall clearly be titled "Demand for Speedy Trial"; reference this Code section within the pleading; and identify the indictment number or accusation number for which such demand is being made.

Additionally, such demand must be "filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not

assigned, upon the chief judge of the court in which the case is pending." OCGA § 17-7-170 (a). As we have explained, the "pleading requirements set forth in OCGA § 17-7-170 (a) are clear and unambiguous." *Uribe*, 346 Ga. App. at 266 (1).

Here, all of those requirements were met. The document, entitled "demand for speedy trial" showed the case number and style, referenced the speedy trial statute, had its own certificate of service, and was mailed to the clerk of court, the prosecutor, and the judge.[2] See *Rogers*, 340 Ga. App. at 25; OCGA § 17-7-170 (a).

---

[2] There is no indication in *Rogers* regarding whether the court clerk stamp-filed each page. 340 Ga. App. at 24-25. We note, however, that the failure to stamp each document does not affect the timeliness of the filing. See *Hood v. State*, 282 Ga. 462, 464 (651 SE2d 88) (2007) ("The actual date of filing is the date upon which the paper is handed to the clerk to be filed. So, where a motion for new trial has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon.") (citing *Brinson v. Ga. Railroad Bank & Trust*, 45 Ga. App. 459 , 461 (165 SE 321) (1932).; see also OCGA § 17-1-1 (e) (2) ("When an attorney executes a certificate, which shall be attached to the original of the paper to be served, certifying as to the service thereof, the certificate shall be taken as prima-facie proof of such service.").

We fail to see how this case is distinguishable from *Rogers*.[3] In that case, the defendant filed multiple documents at the same time, one of which was titled demand for speedy trial, and it cited the statute and included the accusation number. 340 Ga. App. at 24. In finding that the demand met the statutory requirements, we noted that each document in the packet contained its own distinct title and certificate of service, and the motion was not stapled to any other motion filed at the same time. Id. at 24-25; cf. *Hudson v. State*, 311 Ga. App. 206, 207 (715 SE2d 442) (2011) (filing met requirements of OCGA § 17-7-170 where it was a separate and distinct individual document not contained within another motion); compare *Uribe*, 346 Ga. App. at 266-267 (1) (document did not meet statutory requirement where the speedy trial demand was buried in a single document entitled "waiver of formal arraignment, entry of 'not

[3] The State urges us to overturn *Rogers* to be "in line with the clear legislative mandate" in OCGA § 17-7-170. We find no basis to overturn that case, as it is consistent with the legislative mandate as expressed in the plain and unambiguous language of the statute. See *Uribe*, 346 Ga. App. at 265 (1). And, given the Supreme Court of Georgia's orders pertaining to the judicial emergency, there is also no merit to the State's argument that the demand was not timely filed. See Fifteenth Order Extending Declaration of Statewide Judicial Emergency (I) (D), (E) (June 7, 2021) (noting all deadlines in trial court, including deadlines for statutory speedy trial demands, remained tolled); see also Supreme Court of Georgia's *Guidance on the Extension of Deadlines and Time Limits Defined by Reference to Terms of Court Under the Chief Justice's Order Declaring Statewide Judicial Emergency*.

6

guilty' plea and demand for jury trial."); *Jones v. State*, 304 Ga. App. 445, 449 (2) (b) (696 SE2d 346) (2010) (speedy trial demand contained in motion to dismiss was not a separate, distinct, and individual document). Furthermore, the fact that the documents here were mailed in a single envelope due to COVID— instead of hand-delivered — is not a meaningful distinction.

The trial court cannot impose other limitations beyond those clearly and plainly set out in the statute. See *Uribe*, 346 Ga. App. at 266-267 (1). And, we are not persuaded that the demand's inclusion in a packet that also contained other motions renders it insufficient to meet the statutory requirements where, as here, the speedy trial demand was a separate motion labeled with a specific heading, the accusation number, case style, citation to the speedy trial statute, and its own certificate of service. That is all the statute requires. OCGA § 17-7-170 (a). And because the demand met these statutory requirements, the trial court erred by denying the motions for discharge and acquittal and the plea in bar on this ground.[4] See OCGA § 17-7-170 (b). Accordingly, we reverse the trial court's order and remand the case for further

---

[4] Although we reach this conclusion, we caution attorneys that the better practice is to file the speedy trial demand by itself and not as part of a packet containing other motions.

proceedings to determine if the demand satisfied the other requirements of OCGA § 17-7-170 (b).[5]

*Judgment reversed and case remanded. Doyle, P. J., and Padgett, J., concur.*

---

[5] OCGA § 17-7-170 (b) provides for discharge and acquittal "[i]f the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant[.]" Although counsel proffered some testimony about the availability of a jury, the trial court did not reach this issue. Therefore, on remand, the trial court may consider whether this statutory requirement was met.